1                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
2

3    UNITED STATES OF AMERICA,
                                        Criminal Action
4             Plaintiff,               No. 1:19-cr-374-RDM-4
                                       No. 1:20-cr-174-RDM-1
5

6        vs.                           Washington, DC
                                       September 9, 2020
     RUDY DEKERMENJIAN,
7                                      11:03 a.m.
              Defendant.
8    _____/

9
        TRANSCRIPT OF VIDEO ARRAIGNMENT/PLEA AGREEMENT HEARING
10          BEFORE THE HONORABLE RANDOLPH D. MOSS
                 UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

13   For the Government:      JAMES MANN
                             MICHAEL ROMANO
14                            U.S. Department of Justice
                              Criminal Division - P.I.S.
15                            1400 New York Avenue, NW
                              Washington, DC 20005
16
                             SETH KOSTO
17                           RANDALL WARDEN
                              U.S. Department of Justice
18                            One Courthouse Way, Suite 9200
                              Boston, MA 02210
19
     For the Defendant:      MICHELLE PETERSON
20                            Federal Public Defender's Office
                              for the District of Columbia
21                            625 Indiana Avenue, NW, Suite 550
                              Washington, DC 20004
22
     Court Reporter:         JEFF M. HOOK
23                            Official Court Reporter
                              U.S. District & Bankruptcy Courts
24                            333 Constitution Avenue, NW
                              Room 4700-C
25                            Washington, DC 20001

1               **P R O C E E D I N G S**

2           **DEPUTY CLERK:**  This is criminal action 19-374 and

3     20-174, United States of America versus Rudy Dekermenjian.

4     The defendant is appearing by video.  Appearing for the

5     Government, James Mann and Michael Romano, Seth Kosto and

6     Randall Warden.  Appearing for the defendant, Michelle

7     Peterson and Christopher Berg.

8           **THE COURT:**  Well, thank you all.  Before we begin,

9     I want to address proceeding by videoconference today and

10    whether that's appropriate.  Under the CARES Act, the Court

11    can only proceed by videoconference if I conclude that the

12    defendant consents to proceed that way, and if delay would

13    cause serious harm to the interests of justice.  The Chief

14    Judge for the District Court in D.C. has found that felony

15    pleas cannot be conducted in person without seriously

16    jeopardizing public health and safety, and has found

17    likewise with respect to arraignments.

18          So I guess my question to start with is for

19    Ms. Peterson as to whether Mr. Dekermenjian consents to

20    proceeding today by videoconference, and also why she

21    believes that delaying the matter would cause serious harm

22    to the interests of justice?

23          **MS. PETERSON:**  Yes, your Honor.  Mr. Dekermenjian

24    does in fact consent to proceed by video, and we believe

25    that it is in the interests of justice to proceed

1    expeditiously in this matter.  The Court may recall he lives

2    on the west coast, and therefore proceeding by video is more

3    favorable even without the pandemic.  But with the pandemic,

4    it would be inappropriate to have him travel across country

5    to do the proceeding given that we have no idea how long

6    this will last.  We believe that it's in the interests of

7    justice to proceed now at this time.

8              **THE COURT:**  All right.  Does the Government have

9    anything it wants to add with respect to proceeding by

10   videoconference?

11             **MR. MANN:**  Yes, your Honor.  The Government agrees

12   with Ms. Peterson, and then states also that since this is a

13   multi-defendant case where other defendants are continuing

14   to pursue the case, the Government believes that it would be

15   unfair, both to Mr. Dekermenjian and the Government, to hold

16   up his plea while others were proceeding forward and to

17   require him to do so.  And therefore, we think it is proper

18   and fair to proceed with the plea at this time.

19             **THE COURT:**  Okay.  Well, I do conclude under these

20   circumstances that it is appropriate to proceed by

21   videoconference.  The defendant has consented to do so, and

22   all the parties want to proceed in this fashion.  And I do

23   conclude that further delay would cause serious harm to the

24   interests of justice, so we'll proceed by videoconference

25   today.

1          Let's start with the arraignment in the Boston

2     case.  If I could ask that the Deputy Clerk arraign

3     Mr. Dekermenjian on the Boston charges.

4          **DEPUTY CLERK:**  Yes, your Honor.  May the record

5     reflect that the defendant, through counsel, has received a

6     copy of the information.  In criminal case 20-174, Rudy

7     Dekermenjian, in which you are charged in a two-count

8     information with count one, conspiracy to commit wire fraud

9     affecting a financial institution and bank fraud; and count

10    two, alteration and falsification of records, do you waive

11    the formal reading of the information, and how do you wish

12    to plea?

13         **MS. PETERSON:**  On behalf of Mr. Dekermenjian, we

14    would waive formal reading of the information and enter a

15    plea of not guilty pending the outcome of this proceeding.

16         **THE COURT:**  Okay, thank you.  So let's now proceed

17    to the plea phase of today's proceeding.  This is going to

18    be a little bit more cumbersome than usual because we've got

19    two separate cases.  I'm going to do my best to try and

20    streamline things, but I also do encourage counsel if they

21    think that I've either -- if I've streamlined things too

22    much or if there's some differences that I should bring out,

23    please bring that to my attention.

24         So let me start by asking that the Deputy Clerk

25    administer the oath to Mr. Dekermenjian.

1      **DEPUTY CLERK:**  Mr. Dekermenjian, please raise your

2 right hand.  Do you solemnly swear that you will well and

3 truly answer all questions propounded to you by the Court,

4 so help you God?

5      **THE DEFENDANT:**  I do.

6      **DEPUTY CLERK:**  Thank you.

7      **THE COURT:**  Mr. Dekermenjian, do you understand

8 that you're now under oath, and that if you don't answer my

9 questions truthfully you could be prosecuted for perjury or

10 for making false statements?

11      **THE DEFENDANT:**  I do, yes, your Honor.

12      **THE COURT:**  So Mr. Dekermenjian, the purpose of

13 today's proceeding is for you to make an important

14 decision -- actually, really two decisions because there are

15 two cases.  You need to think separately about both cases.

16 But your decision is whether you want to go to trial and put

17 the Government to its burden in either or both cases of

18 proving your guilt beyond a reasonable doubt or whether you

19 want to enter a plea of guilty in either or both cases.  And

20 before you make such a serious decision, it's important that

21 you understand all of your rights, that you understand the

22 charges against you, that you understand the plea and that

23 you make a knowing and informed decision.

24      So if at any point during today's proceedings you

25 have any questions, you should feel free to ask me.  If you

1    would like to take a break to get on the telephone with

2    Ms. Peterson and have a private conversation with her about

3    anything, you're welcome to do that.  All of us at the end

4    of the proceeding today just want to make sure that you

5    understand your rights, you understand the case and that

6    you're making a knowing and informed decision about how you

7    want to proceed, however that might be.

8            So let me start by asking counsel for the

9    Government to state the original charges against

10   Mr. Dekermenjian in each of the cases.  So why don't you go

11   ahead and start with the Massachusetts case, and if you

12   could state -- why don't we do this.  Why don't you state in

13   the Massachusetts case the charges and then what the plea

14   agreement provides in the Massachusetts case, and then turn

15   to the D.C. case, and you can state what the plea agreement

16   provides there and what the charges were in that case.

17           **MR. MANN:**  Yes, your Honor.  In the -- what we are

18   calling the Boston case, but which is CR-20 -- oh, I thought

19   I had the number in front of me, hold on one second.  In the

20   Boston case, which is CR-20-174, the defendant is charged in

21   an information with one count of conspiracy to commit wire

22   fraud affecting a financial institution and bank fraud, and

23   one count of alteration and falsification of records.  And

24   the information includes a forfeiture allegation.  In the

25   plea agreement, the defendant is pleading guilty to both of

1      those charges and agreeing to a set forfeiture.

2             In the D.C. case, or the already pending

3      indictment, the defendant --

4             THE COURT:  That's 19-cr-374 I believe, for the

5      record.

6             MR. MANN:  Yes, sorry, your Honor.  The defendant

7      was originally charged in count 13, which was a conspiracy

8      count, and also in counts 16 and 44, which were two separate

9      counts of making conduit contributions and aiding and

10     abetting.  In the plea agreement in case number 19-374,

11     Mr. Dekermenjian is pleading guilty to count 13 which is the

12     conspiracy count.

13            THE COURT:  All right.  Is there anything more you

14     want to say about the terms of the plea agreement in that

15     matter?

16            MR. MANN:  Well, at sentencing, should the Court

17     accept the plea, the Government would agree to the drop the

18     remaining -- the other remaining counts in the indictment.

19            THE COURT:  And what about the Government's

20     representations with respect to sentencing in the

21     Massachusetts case?

22            MR. MANN:  With respect to sentencing in the

23     Massachusetts case, the Government has included in the plea

24     agreement -- in paragraph three of the plea agreement the

25     guidelines calculations that the Government and defense

1    agree to recommend to the Court which results in a total

2    offense level of 12.  And while there is not an agreement

3    based upon his criminal history, at this point in time the

4    Government is not aware of Mr. Dekermenjian having a

5    criminal history.  If that is correct -- and again, that

6    will be left both to the probation office and the Court,

7    then the guidelines range would be 10 to 16 months.

8            The Government has agreed to recommend a sentence

9    at the low end of that guidelines -- of the guidelines

10   sentencing range as calculated by the Court; to recommend a

11   fine within the guidelines range as calculated by the Court

12   unless the Court finds that the defendant is not able to

13   pay.  The Government would recommend a period of 24 months

14   of supervised release; a mandatory special assessment of

15   $200; restitution in an amount, if any, to be determined by

16   the Court; and forfeiture as set forth in paragraph six

17   which is in the amount of $20,293, which is the amount of

18   the proceeds that the defendant derived from the offense.

19           **THE COURT:**  All right, thank you.  Ms. Peterson,

20   do you agree that those are the terms of the agreements?

21           **MR. MANN:**  I'm sorry, your Honor, I don't mean to

22   interrupt.  Did you want me to set those same terms out for

23   the pending indicted case as well?

24           **THE COURT:**  Yeah, you should, I apologize.  Yes,

25   please do that.

1          **MR. MANN:**   In that plea agreement, the Government

2     has agreed to recommend the sentencing guidelines as set

3     forth in paragraph four of the plea agreement, which would

4     result in a total offense level of 13 and a guidelines range

5     of 12 to 18 months imprisonment assuming that

6     Mr. Dekermenjian does not have a criminal history score.

7     And the Government agrees to -- the parties agree in that

8     case to recommend -- or agree that a sentence within the

9     estimated guidelines range would be a reasonable sentence.

10    But Mr. Dekermenjian has reserved the right in that case to

11    request a sentence below that guideline range pursuant to

12    the factors set forth in 3553(a).

13         **THE COURT:**   So this might actually be an opportune

14    moment for me to raise one question that I had, which I was

15    going to raise a little bit later.   But since you've

16    addressed the sentencing recommendations, let me raise it

17    now.

18         The pleas are being presented to the Court as

19    separate pleas.   But under the guidelines, isn't the way it

20    would work is under section 3D1 -- well, it's really under

21    section 3D of the guidelines, wouldn't the Court treat the

22    two cases as separate groups, determine what the sentence

23    would be for the higher group under the guidelines, and then

24    add to the offense level based on the number of units

25    assigned for the conviction in the other case?

1          So that when it comes time for sentencing --

2    because they've been presented to me separately, no one has

3    done this calculation yet.  But when I hear from probation,

4    aren't we going to get an analysis from probation that is

5    going to treat the cases together for purposes of concluding

6    what the appropriate sentence is -- or how do we think about

7    that?

8          **MS. PETERSON:**  Your Honor --

9          **MR. MANN:**  I don't think so, your Honor, in that

10   these are actually two separate cases.  So it's almost as

11   if -- although he's pleading in front of your Honor for

12   both, it's almost as if he is pleading in two separate

13   districts.  For example, we have defendants sometimes that

14   reach global resolutions with the Government and plead in

15   one court and then the other.  And the counts would not be

16   grouped in that regard, because they are not multiple counts

17   of the same charging instrument, but rather two separate

18   charging instruments.

19         So I don't think that the Court should add --

20   under the grouping rules of 3D, I do not think that the

21   Court should go forth and add levels once these are grouped

22   under 3D.  I think they should be treated as completely

23   separate, and the guidelines should be calculated

24   separately.

25         Now, I think the Court will be fully -- would be

1    fully within the Court's discretion when sentencing

2    Mr. Dekermenjian, to sentence him concurrently on the two

3    cases as both will be before your Honor.  But I don't

4    believe that they will have an effect on one another's

5    guideline calculations.

6         **THE COURT:**  So what I'm looking at is I'm looking

7    at section 3D1.1 of the guidelines, and note one under the

8    commentary.  Note one says, "For purposes of sentencing

9    multiple counts of conviction, counts can be:  A, contained

10   in the same indictment or information; or B, contained in

11   different indictments or informations for which sentences

12   are imposed at the same time or in a consolidated

13   proceeding."

14        **MR. MANN:**  I certainly see that, your Honor.

15        **MS. PETERSON:**  Your Honor, I was going to suggest

16   that I believe that probation will calculate it the way the

17   Court has indicated.  But I think that for our purposes,

18   Mr. Dekermenjian understands it could be done either way.

19   The Government has rightly pointed out that we could ask the

20   Court to run -- if the Court were to do it one way, they

21   could run it concurrently.  The Court could vary, because it

22   could have done something different.  So I think what

23   matters for these purposes is that Mr. Dekermenjian

24   understands the different possibilities that exist out

25   there.

1      **THE COURT:**  Well, that was -- I agree entirely

2   with that.  The only reason I brought it up is I wanted to

3   make sure that Mr. Dekermenjian did understand that.  I can

4   get into this more when we go through the sentencing

5   guidelines calculation, and I'll confirm with

6   Mr. Dekermenjian just to make sure he understands.

7      But I take it for present purposes, that there may

8   be -- we don't know yet, because I think the Government and

9   defense probably want to see what probation does.  It's

10  possible there might be disagreement on this issue or it's

11  possible that by the time we get to sentencing the parties

12  might agree, is that fair?

13     **MS. PETERSON:**  Yes, your Honor.

14     **MR. MANN:**  Yes, your Honor, from the Government as

15  well.  It looks like it might take a little more research on

16  my math.

17     **THE COURT:**  Fair enough.  I think for purposes of

18  a plea, the main thing is just to make sure that the parties

19  understand what's going on, and particularly the defendant

20  understands what's going on.  And if there's a disagreement

21  or a potential disagreement, we need to make sure he's aware

22  of that.

23     So let me ask, Ms. Peterson, in light of

24  Mr. Mann's description, do you agree that those are the

25  terms of the agreements?

1          **MS. PETERSON:**  Yes, your Honor.

2          **THE COURT:**  Mr. Dekermenjian, do you understand

3    that those are the terms of the agreements?

4          **THE DEFENDANT:**  Yes, your Honor.

5          **THE COURT:**  Mr. Dekermenjian, how old are you?

6          **THE DEFENDANT:**  I just turned 42, your Honor.

7          **THE COURT:**  And I take it you're a graduate of law

8    school, is that correct?

9          **THE DEFENDANT:**  That is correct, your Honor.

10         **THE COURT:**  Where were you born?

11         **THE DEFENDANT:**  I was born in Beirut, Lebanon.

12         **THE COURT:**  Are you a U.S. citizen?

13         **THE DEFENDANT:**  I am, yes, your Honor.

14         **THE COURT:**  In the last 48 hours, have you taken

15   any alcohol, drugs or medicine that could affect your

16   ability to understand what you are doing by pleading guilty?

17         **THE DEFENDANT:**  No, your Honor.

18         **THE COURT:**  Have you ever received any treatment

19   for any type of mental illness or emotional disturbance?

20         **THE DEFENDANT:**  I've -- well, I've gotten therapy,

21   but nothing serious, your Honor.

22         **THE COURT:**  Anything that could interfere with

23   your ability to understand what you're doing by pleading

24   guilty?

25         **THE DEFENDANT:**  No, your Honor.

1          **THE COURT:**  Anything that could interfere with

2    your ability to make an informed and rational choice?

3          **THE DEFENDANT:**  No, your Honor.

4          **THE COURT:**  Are you taking any medications

5    currently that could affect your mental state in any way?

6          **THE DEFENDANT:**  No, your Honor.

7          **THE COURT:**  Have you received copies of the

8    information pending against you and the indictment in the

9    two cases?  Those are the written charges against you.

10         **THE DEFENDANT:**  I have received them, your Honor,

11   yes.

12         **THE COURT:**  And have you had a chance to review

13   those and to fully discuss the charges with Ms. Peterson?

14         **THE DEFENDANT:**  I have, your Honor.

15         **THE COURT:**  Do you feel as though you fully

16   understand those charges?

17         **THE DEFENDANT:**  I do, your Honor.

18         **THE COURT:**  Are you fully satisfied with the

19   assistance of your lawyer in this case?

20         **THE DEFENDANT:**  Yes, I am, your Honor.

21         **THE COURT:**  Have you had enough time to talk with

22   her about your case and about the plea offers, and whether

23   you should accept one or both of them?

24         **THE DEFENDANT:**  Yes, I have, your Honor.

25         **THE COURT:**  All right.  So Mr. Dekermenjian, I

1    want to now go through certain rights you have in this

2    matter.  As I said to you before, our goal is to make sure

3    you understand what's going on.  If there's anything that

4    you have any questions about, please just let us know and

5    we'll make sure that either I explain it or you have a

6    chance to talk with Ms. Peterson.

7            So do you understand that in what we're referring

8    to as the Massachusetts case -- and that's 20-cr-174, that

9    you've been charged by an indictment -- I mean, I'm sorry,

10   that you have a right to be charged by an indictment from a

11   grand jury, and you're proceeding by information instead?

12   So what it means is that you're giving up your right to

13   proceed by a grand jury, which would mean that 16 -- at

14   least 16, and no more than 23, citizens of Massachusetts

15   would sit as a grand jury, and at least 12 of them would

16   need to find that there's probable cause to believe you

17   committed the crime for which you are charged.

18           Do you understand you're waiving that right?

19           **THE DEFENDANT:**  I do, your Honor.

20           **THE COURT:**  And do you understand that in both

21   cases, you have a right to plead not guilty and to have a

22   trial?

23           **THE DEFENDANT:**  I do, yes, your Honor.

24           **THE COURT:**  And do you understand that if you were

25   to plead not guilty, that would mean that 12 citizens either

1  here in the District of Columbia or in Massachusetts would

2  sit as the jurors, and they would determine your guilt or

3  innocence based solely on the evidence presented in the

4  courtroom?

5       **THE DEFENDANT:**  I do, your Honor.

6       **THE COURT:**  And do you understand that if you had

7  a trial, you'd have a right to be represented by your

8  attorney at the trial and at every other stage of the

9  proceeding?

10      **THE DEFENDANT:**  I do, your Honor.

11      **THE COURT:**  And do you understand that at the

12  trial, you'd have a right through your lawyer to confront

13  and cross-examine any witnesses against you?

14      **THE DEFENDANT:**  I do, your Honor.

15      **THE COURT:**  Do you understand that at trial, you'd

16  have a right to present your own witnesses, and that you'd

17  have a right to require or to compel them to come to court

18  to testify in your defense?

19      **THE DEFENDANT:**  I do, your Honor.

20      **THE COURT:**  And do you understand that if there

21  were a trial, you'd have the right to testify and to present

22  evidence on your own behalf if you wanted to; but that you

23  would not be required to testify or present any evidence,

24  because it's the Government's burden to prove your guilt

25  beyond a reasonable doubt?

1             **THE DEFENDANT:**  I do, your Honor.

2             **THE COURT:**  And do you understand that if you made

3  a decision not to testify at trial, either I or a judge in

4  Boston -- or Massachusetts would at your request instruct

5  the jury that they could not hold that decision against you

6  in any way?

7             **THE DEFENDANT:**  I do, your Honor.

8             **THE COURT:**  And do you understand that unless and

9  until I accept your guilty plea in either case, you are

10  presumed by the law to be innocent; because it's the

11  Government's burden to prove your guilt beyond a reasonable

12  doubt, and until it does so, you cannot be convicted at

13  trial?

14             **THE DEFENDANT:**  I do, your Honor.

15             **THE COURT:**  And do you understand that if you went

16  to trial and you were convicted, you'd have a right to

17  appeal your conviction to the Court of Appeals and to have a

18  lawyer help you prepare your appeal?

19             **THE DEFENDANT:**  I do, your Honor.

20             **THE COURT:**  And do you understand that for both

21  cases, you're weaving any challenge to venue in the District

22  of Columbia?

23             **THE DEFENDANT:**  I do, your Honor.

24             **THE COURT:**  And do you understand that by pleading

25  guilty, you're giving up your right to appeal your

1  conviction, to the extent that you can waive that right as a

2  matter of law, except that you're reserving your right to

3  challenge your conviction on the grounds of ineffective

4  assistance of counsel or involuntariness of the plea?

5          **THE DEFENDANT:**  I do, your Honor.

6          **THE COURT:**  And do you understand that if you're

7  unable to pay the cost of appeal, you may apply for leave to

8  appeal in forma pauperis -- and that means without paying

9  the filing fee?

10          **THE DEFENDANT:**  I do, your Honor.

11          **THE COURT:**  And do you understand that under the

12  terms of the plea agreements, you're also waiving your right

13  to appeal the sentences that I impose with certain

14  exceptions?  And in the Massachusetts case, you're agreeing

15  not to appeal a sentence of 16 months or less or any court

16  orders relating to forfeiture, restitution, fines or

17  supervised release; and in the D.C. case, you're waiving

18  your right to appeal your sentence except to the extent I

19  impose a sentence that is above the statutory maximum or

20  guidelines range?

21          **THE DEFENDANT:**  I do, your Honor.

22          **THE COURT:**  And do you understand that with

23  respect to both cases, you're retaining your right to appeal

24  to assert that you received ineffective assistance of

25  counsel?

1      **THE DEFENDANT:**  I do, your Honor.

2      **THE COURT:**  But do you understand that if you did

3    bring such an appeal, it would be limited to those narrow

4    circumstances that I just described?

5      **THE DEFENDANT:**  I understand that, your Honor.

6      **THE COURT:**  And do you understand that under the

7    agreement, you're also giving up your right to bring a

8    collateral challenge with respect to either conviction or

9    sentence in either case?  And as I suspect you know, a

10   collateral challenge is a separate action brought after

11   you've been sentenced that challenges either the validity of

12   the sentence or the conviction.  And you're waiving your

13   right to bring a collateral challenge except to the extent

14   that your motion or challenge is based on newly discovered

15   evidence or a claim that you received ineffective assistance

16   of counsel, do you understand that?

17     **THE DEFENDANT:**  I do, your Honor.

18     **THE COURT:**  Do you understand that you're

19   reserving your right to seek a reduction in the -- in your

20   sentence if the United States Sentencing Commission lowers

21   the applicable sentencing range at a later date, but that

22   you're waiving your right to appeal if I were to deny such a

23   motion?

24     **THE DEFENDANT:**  I do, your Honor.

25     **THE COURT:**  Do you understand that if you plead

1    guilty in either case, with respect to that case you're

2    giving up all those rights because there's not going to be a

3    trial in the case?

4         **THE DEFENDANT:**  I do, your Honor.

5         **THE COURT:**  Okay, thank you.  So Mr. Dekermenjian,

6    what I'm going to do now is I'm going to ask that counsel

7    for the Government tell us -- and in particular you, what

8    the Government submits it would be able to prove at trial

9    beyond a reasonable doubt in each of the cases.  I want to

10   ask you to listen very carefully, because when we're done

11   with that, I'm going to come back to you and I'm going to

12   ask you whether you agree with everything that was said.

13        So feel free to take notes or whatever, but if

14   there's anything at all you disagree with, I want you to

15   bring it to my attention, okay?

16        **THE DEFENDANT:**  Okay.  Yes, your Honor.

17        **THE COURT:**  Mr. Mann.

18        **MR. MANN:**  Yes, your Honor.  And with respect to

19   both cases and both plea agreements, the parties have agreed

20   upon a statement of offense and those are incorporated in

21   the plea agreement.  We would incorporate them therein.  But

22   to summarize that, with respect to the case number 19-374,

23   the Government at trial would prove with respect to the

24   count that Mr. Dekermenjian is pleading guilty -- which is

25   the conspiracy count 13, that from March 2016 through

1    June 2018 in the District of Columbia and elsewhere,

2    Mr. Dekermenjian conspired with others, including Ahmad

3    Khawaja, to commit offenses against the United States by

4    willfully making contributions to political committees in

5    the names of others by circumventing the contribution limits

6    prescribed by law, and by causing the political committees

7    to unwittingly submit material, false statements and reports

8    to the Federal Election Commission.

9            Specifically, the Government would show that on

10   October 13th, 2016, Mr. Dekermenjian wrote a $50,000 check

11   to a political committee at Mr. Khawaja's direction, and in

12   connection with an event to be hosted by Mr. Khawaja.  This

13   contribution was funded not by Mr. Dekermenjian's money, but

14   by money provided by Mr. Khawaja through another

15   co-conspirator to Mr. Dekermenjian.  By engaging in this

16   scheme, Mr. Dekermenjian helped Mr. Khawaja to exceed

17   contribution limits set by law, and caused the political

18   committee that received the contribution to unwittingly file

19   false reports with the FEC regarding the actual source of

20   that contribution.

21           Additionally, on January 30th of 2018,

22   Mr. Dekermenjian wrote a $50,000 check to a political

23   committee at Mr. Khawaja's direction, and in connection with

24   an event to be hosted by Mr. Khawaja.  This contribution,

25   again, was funded not by Mr. Dekermenjian's money, but by

1   money provided by Mr. Khawaja to Mr. Dekermenjian.  By

2   engaging in this scheme, Mr. Dekermenjian helped Mr. Khawaja

3   to exceed contribution limits set by law, and caused the

4   political committee that received the contribution to

5   unwittingly file false reports with the FEC regarding the

6   actual source of the contribution.  Mr. Dekermenjian knew

7   that his conduct violated the law.

8            With respect to -- sorry, your Honor.

9            **THE COURT:**  I was going to ask, if you're done

10  with 19-cr-374, maybe we should pause there.

11           **MR. MANN:**  Yes, I am, your Honor.

12           **THE COURT:**  Let me ask, Mr. Dekermenjian, with

13  respect to what Mr. Mann has just described, is all of that

14  true?

15           **THE DEFENDANT:**  Correct, your Honor, yes.

16           **THE COURT:**  Okay.  Anything you want to clarify?

17           **THE DEFENDANT:**  No, I don't think so.  No, your

18  Honor.

19           **THE COURT:**  And did you review and sign the

20  statement of offense for purposes of matter 19-cr-374?

21           **THE DEFENDANT:**  I did, your Honor.

22           **THE COURT:**  And did you review that carefully

23  before signing it?

24           **THE DEFENDANT:**  I did, yes, your Honor.

25           **THE COURT:**  And is everything in that statement

1    correct?

2             **THE DEFENDANT:**  Correct, your Honor.

3             **THE COURT:**  And Ms. Peterson, with respect to

4    19-cr-374, do you believe that if the case were to proceed

5    to trial, the Government would be able to prove all the

6    necessary elements of the charged offense beyond a

7    reasonable doubt?

8             **MS. PETERSON:**  I have no reason to believe they

9    would not.

10            **THE COURT:**  All right.  So we can now proceed to

11   the Massachusetts case, 20-cr-174.

12            **MR. MANN:**  Yes, your Honor.  In that case, again,

13   there's a statement of facts to which the parties have

14   agreed that are incorporated into the plea agreement and I

15   would incorporate here.  But for purposes of a summary of

16   what the Government would prove at trial, the Government

17   would prove that from June 2017 through April 2018 in the

18   District of Massachusetts and elsewhere, Mr. Dekermenjian

19   conspired with others, including individuals identified in

20   the charging document as Executive One, Executive Two,

21   Merchant Owner One and Merchant Owner Two, to commit wire

22   fraud affecting a financial institution and bank fraud.

23            Specifically, Mr. Dekermenjian conspired with

24   others to fraudulently obtain payment processing from Fifth

25   Third Bank for a particular merchant customer of the company

1    for which Mr. Dekermenjian was working at the time.  Fifth

2    Third is a qualifying financial institution under the

3    statutes.  More specifically, after Fifth Third terminated

4    its payment processing relationship with the merchant for

5    risk related reasons, Mr. Dekermenjian's co-conspirators

6    counseled the merchant to create sham, nonexistent merchants

7    backstopped by sham websites to disguise the rejected

8    merchant as a new customer selling low risk consumer goods.

9            In June 2017, the merchant and the co-conspirators

10   created false applications for payment processing, and

11   submitted the false information to Fifth Third Bank

12   purportedly on behalf of sham merchants Natural Nine Online

13   and True Count Staffing; but in actuality, as a front to

14   fraudulently obtain payment processing for the previously

15   rejected merchant.  Mr. Dekermenjian learned of the scheme

16   shortly after the applications, joined in it and earned

17   approximately $20,293 on the merchant's processing.  In

18   doing so, the co-conspirators, including Mr. Dekermenjian,

19   used e-mail to communicate with each other about the scheme,

20   and used the internet to set up false websites in

21   furtherance of the scheme.

22           Furthermore, knowing of pending investigations and

23   a pending civil investigative demand from the Consumer

24   Financial Protection Bureau and a federal grand jury

25   subpoena, Mr. Dekermenjian created altered and false

1  versions of the payment processing applications for the sham

2  merchants Natural Nine Online and True Count Staffing.  On

3  June 14th, 2019, Mr. Dekermenjian met with other

4  co-conspirators to have them sign the altered and false

5  documents.  The false documents changed references to the

6  false websites and false businesses, and were backdated to

7  the date of the original applications at issue.  The altered

8  and false documents created by Mr. Dekermenjian were then

9  submitted to the CFPB in response to the civil investigative

10  demand.

11          THE COURT:  All right, thank you.

12  Mr. Dekermenjian, is everything that Mr. Mann just described

13  true?

14          THE DEFENDANT:  I just wanted to clarify that

15  initially when the merchants signed up, they signed up under

16  their true names.  And then when Fifth Third terminated,

17  that's when the different names came about.  I just wanted

18  to clarify that part, that's all.

19          THE COURT:  Mr. Mann, are you comfortable with

20  that clarification?

21          MR. MANN:  Yes, your Honor, that's correct.  The

22  conduct at issue that I described postdated that, postdated

23  when the merchants who had previously signed up under their

24  true name were rejected or terminated by Fifth Third Bank,

25  and efforts by the co-conspirators to still get -- to then

1   get payments processed by Fifth Third Bank for the merchant,

2   that is the conduct that I described.  So it postdates the

3   termination.

4           THE COURT:  Mr. Dekermenjian, with that

5   clarification, do you agree with everything that Mr. Mann

6   has described?

7           THE DEFENDANT:  I do, your Honor.

8           THE COURT:  And did you review the statement of

9   offense in matter 20-cr-174?

10          THE DEFENDANT:  I did, your Honor, yes.

11          THE COURT:  And is that your signature at the

12   bottom?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Did you review that with Ms. Peterson?

15          THE DEFENDANT:  I did, your Honor.

16          THE COURT:  And is everything in that document

17   true?

18          THE DEFENDANT:  It is, your Honor.

19          THE COURT:  Okay.  And Ms. Peterson, with respect

20   to matter 20-cr-174, do you believe that the Government

21   would be able to prove each of the necessary elements beyond

22   a reasonable doubt were the case to go to trial?

23          MS. PETERSON:  Yes, your Honor.

24          THE COURT:  Okay.

25          MR. MANN:  Your Honor, I just wanted to clarify

1   one point.  So Mr. Dekermenjian did not separately sign the

2   statement of offense in that second matter.  It is merely

3   incorporated into the plea agreement and signed -- since he

4   signed the plea agreement, it is part of that.  But I just

5   wanted to clarify that there is not a signature from

6   Mr. Dekermenjian at the bottom of that document.

7           **THE COURT:**  Thank you.  Mr. Dekermenjian, do you

8   agree with that?

9           **THE DEFENDANT:**  I agree with that, yes.

10          **THE COURT:**  Okay.  I take it that that doesn't

11  change the fact that you believe that everything in that

12  document is true?

13          **THE DEFENDANT:**  That doesn't change, your Honor.

14          **THE COURT:**  Okay, thank you.  So I'd like to spend

15  a little bit of time going through the plea agreements now,

16  and I'll go over each of them in turn.  Let me start with

17  the plea agreement in 19-cr-374.

18          Do you have a copy of that with you,

19  Mr. Dekermenjian?

20          **THE DEFENDANT:**  I can pull it up, your Honor.  I

21  don't have it in front of me.  Would you like me to get the

22  plea agreement?

23          **THE COURT:**  If you can easily do it.  If it's not

24  easy, I think we can go through what's in it.  So it's not

25  necessary that you have it.

1      **THE DEFENDANT:**  Okay.  I'll let you go through it,

2   your Honor.

3      **THE COURT:**  If you decide at any point you want to

4   consult it, you're welcome to do so.

5      **THE DEFENDANT:**  Okay.

6      **THE COURT:**  Did you read that document carefully?

7      **THE DEFENDANT:**  I did, your Honor.

8      **THE COURT:**  And do you feel as though you

9   understand everything in it?

10      **THE DEFENDANT:**  I do, your Honor.

11      **THE COURT:**  And did you have an opportunity to

12   discuss it with Ms. Peterson?

13      **THE DEFENDANT:**  I did, your Honor.

14      **THE COURT:**  And do you feel as though you had

15   enough time to do so?

16      **THE DEFENDANT:**  I did, your Honor.

17      **THE COURT:**  Do you understand that you're agreeing

18   to plead guilty in matter 19-cr-374 to one count of

19   conspiracy to make conduit contributions, cause false

20   statements and cause false entries in records in violation

21   of 18 U.S.C. section 371?

22      **THE DEFENDANT:**  I do, your Honor.

23      **THE COURT:**  And do you understand that on that

24   count, you're pleading guilty to an offense that carries a

25   maximum statutory sentence of five years in prison?

1      **THE DEFENDANT:**  I do, your Honor.

2      **THE COURT:**  And do you understand that in addition

3   to a sentence of imprisonment, I may sentence you to a

4   maximum of three years of supervised release?

5      **THE DEFENDANT:**  I do, your Honor.

6      **THE COURT:**  And I take it you understand that that

7   means that after you're released, there are certain rules

8   and conditions you have to follow, and if you don't do so,

9   that I can send you back to prison?

10      **THE DEFENDANT:**  I do, your Honor.

11      **THE COURT:**  Do you understand that in addition to

12   or in place of any sentence of incarceration, I may also

13   impose a maximum fine of $250,000 or twice the pecuniary

14   gain or loss for the offense?

15      **THE DEFENDANT:**  I do, your Honor.

16      **THE COURT:**  And do you understand that I may

17   impose -- in fact, that I must impose mandatory restitution

18   to compensate for any losses caused as a result of the

19   offense?

20      **THE DEFENDANT:**  I do, your Honor.

21      **THE COURT:**  And do you understand that if you

22   plead guilty, you will be required to pay a special

23   assessment of $100 on this charge?

24      **THE DEFENDANT:**  I do, your Honor.

25      **THE COURT:**  And do you understand that the Court

1    may also impose a fine that is sufficient to pay the federal

2    government the cost of any imprisonment, term of supervised

3    release and period of probation?

4              **THE DEFENDANT:**  I do, your Honor.

5              **THE COURT:**  Mr. Dekermenjian, are you familiar

6    with the U.S. Sentencing Commission and the sentencing

7    guidelines and how they operate?

8              **THE DEFENDANT:**  I've gone over it with my lawyers,

9    your Honor.

10             **THE COURT:**  So do you understand that the

11   sentencing commission, which is created by Congress, has

12   come up with this big book here which is full of guidelines

13   and recommendations to help judges in federal court in

14   deciding what sentences to impose, but they're not binding

15   on the Court?  I could decide to impose a sentence that's

16   within the guidelines range, I could decide to impose one

17   that's below the guidelines range or above the guidelines

18   range.  But I do need to consider the guidelines in imposing

19   a sentence.

20             Do you understand that?

21             **THE DEFENDANT:**  I do, yes, your Honor.

22             **THE COURT:**  And do you understand that the one

23   limitation is I can never impose a sentence that is greater

24   than the statutory maximum?

25             **THE DEFENDANT:**   I understand that, your Honor.

1          **THE COURT:**  And do you understand that today, I

2     don't know what the correct guidelines calculation will be

3     because the probation office hasn't prepared its report yet,

4     your lawyer hasn't had a chance to comment on it and the

5     lawyer for the Government hasn't had a chance to comment on

6     it; and that ultimately I'm the one -- not the parties and

7     not the probation office, but I'm the one who's going to

8     decide what the correct guidelines calculation is, do you

9     understand that?

10          **THE DEFENDANT:**  I do, yes, your Honor.

11          **THE COURT:**  We were discussing a little earlier

12     today where there may be some disagreement between the

13     parties about how the guidelines calculation works.  Do you

14     understand that?

15          **THE DEFENDANT:**  I do, your Honor.

16          **THE COURT:**  Have you and Ms. Peterson had an

17     opportunity to talk about the guidelines and how they apply

18     in your case?

19          **THE DEFENDANT:**  Yes, your Honor.

20          **THE COURT:**  Ms. Peterson, do you feel as though

21     Mr. Dekermenjian understands the guidelines and how they

22     apply in his cases?

23          **MS. PETERSON:**  Yes, your Honor.

24          **THE COURT:**  And have you had a chance to discuss

25     with him where there may be some difference of opinions as

1   well?

2           **MS. PETERSON:**  Yes, your Honor.  And I think it

3   all gets incorporated into the question also of whether

4   these will be run concurrent or consecutive.  So he

5   understands full well that there are many different

6   interpretations of what the appropriate sentence range

7   suggested by the guidelines might be by the time we get to

8   sentencing.

9           **THE COURT:**  Okay, thank you.  So Mr. Dekermenjian,

10  do you understand that today I can give you an estimate

11  based on what the parties have indicated to me of what the

12  guidelines range would be, but we're not going to know that

13  for sure until we get to sentencing?

14          **THE DEFENDANT:**  I understand that, your Honor.

15          **THE COURT:**  So the parties have agreed that the

16  base offense in the D.C. case is eight for making a conduit

17  contribution.  They've also agreed that there should be an

18  eight-level enhancement because the crime involved an amount

19  of more than $95,000.  The Government also agrees that you

20  will be entitled to a two-level reduction if you accept

21  responsibility for your actions, adhere to the plea

22  agreement and display acceptance -- or acceptable conduct

23  between now and sentencing.  And the Government has also

24  agreed that you're entitled to an additional one-level

25  reduction, because you've provided timely notice of your

1    intent to plead guilty saving the Government the time and

2    resources necessary to go to trial.

3              So based on those representations I estimate, but

4    I don't know, that your applicable guidelines offense level

5    will be 13.  The plea agreement states that you don't have

6    any previous criminal history convictions that would warrant

7    criminal history points, so I estimate that you will be

8    placed in criminal history category one.  Again, if any

9    convictions come to light between now and sentencing, that

10   could change that determination.

11             But assuming that you're in criminal history

12   category one, and assuming that the offense level is 13,

13   that would mean that the guidelines recommendation to the

14   Court would be between 12 and 18 months of imprisonment.  Do

15   you understand that?

16             **THE DEFENDANT:**  I do, your Honor.

17             **THE COURT:**  Do you understand the guidelines

18   estimated applicable fine range is between $5,500 and

19   $55,000?

20             **THE DEFENDANT:**  I do, your Honor.

21             **THE COURT:**  And under the plea agreement, you'll

22   have a right to request that I not impose a fine.  Do you

23   understand that?

24             **THE DEFENDANT:**  I do, your Honor.

25             **THE COURT:**  But I'll ultimately make that

1    decision, do you understand that?

2              **THE DEFENDANT:**  I do, your Honor.

3              **THE COURT:**  And do you understand that after I've

4    decided what guidelines apply to your case, I may conclude

5    that a departure from the guidelines range is appropriate,

6    which would affect the guidelines range and make the

7    guidelines -- advisory guidelines either more severe or less

8    severe, do you understand that?

9              **THE DEFENDANT:**  I do, your Honor.

10             **THE COURT:**  And do you understand that under the

11   plea agreement, you're agreeing not to seek a departure from

12   the guidelines range and the Government is agreeing not to

13   seek a departure from the guidelines range, but that doesn't

14   mean that I couldn't do so, do you understand that?

15             **THE DEFENDANT:**  I do, your Honor.

16             **THE COURT:**  Do you understand that if I sentence

17   you to a term of imprisonment, you'll serve the full amount

18   of time to which I sentence you with some possible reduction

19   for good time; but that there's no such thing as early

20   release or parole, do you understand that?

21             **THE DEFENDANT:**  I do, your Honor.

22             **THE COURT:**  And do you understand that the offense

23   to which you're pleading guilty is a felony offense, and

24   that if your plea is accepted and you're found guilty of

25   that offense, such a finding could deprive you of certain

1   valuable civil rights such as the right to vote, the right

2   to hold public office, the right to serve on a jury and the

3   right to possess any kind of firearm or ammunition?

4          **THE DEFENDANT:**  I do, your Honor.

5          **THE COURT:**  All right.  Anything else that I

6   should add or clarify with respect to the D.C. plea

7   agreement?

8          **MR. MANN:**  Not at this time, your Honor.  I think

9   your Honor previously went over the appellate issues that

10  are brought forth in the plea agreement, and so no, I do not

11  think so, your Honor.

12         **THE COURT:**  Ms. Peterson, anything else you think

13  I should add or clarify at this point?

14         **MS. PETERSON:**  No, your Honor.

15         **THE COURT:**  Okay, thank you.  You understand,

16  Mr. Dekermenjian, that everything that I've just gone

17  through at the end there falls within what I've already

18  previously described to you?

19         **THE DEFENDANT:**  Yes, your Honor.

20         **THE COURT:**  Okay, thank you.  So then turning to

21  the Massachusetts agreement, did you carefully review that

22  agreement?

23         **THE DEFENDANT:**  I did, your Honor.

24         **THE COURT:**  And did you have an opportunity to

25  discuss it with Ms. Peterson?

1        **THE DEFENDANT:**  I did, your Honor.

2        **THE COURT:**  And did you have enough time?

3        **THE DEFENDANT:**  Yes, your Honor.

4        **THE COURT:**  Do you feel as though you fully

5   understand that agreement?

6        **THE DEFENDANT:**  I do, your Honor.

7        **THE COURT:**  And do you understand you're agreeing

8   to plead guilty to one count of conspiracy to commit wire

9   fraud affecting a financial institution and bank fraud in

10  violation of 18 U.S.C. section 1349, and one count of

11  alteration and falsification of records in violation of 18

12  U.S.C. section 1519?

13       **THE DEFENDANT:**  I do, your Honor.

14       **THE COURT:**  And do you understand on the first

15  count, you're pleading guilty to an offense that carries a

16  maximum statutory sentence of 30 years imprisonment?

17       **THE DEFENDANT:**  I do, your Honor.

18       **THE COURT:**  And do you understand on the second

19  count, you're pleading guilty to an offense that carries a

20  maximum statutory sentence of 20 years imprisonment?

21       **THE DEFENDANT:**  I do, your Honor.

22       **THE COURT:**  Do you understand that in addition to

23  a sentence of imprisonment, I may sentence you to a maximum

24  term of five years of supervised release on count one and

25  three years of supervised release on count two?

1      **THE DEFENDANT:**  I do, your Honor.

2      **THE COURT:**  Do you understand that in addition to

3   or in place of any sentence of incarceration I may impose,

4   count one carries a maximum fine of $1,000,000 or twice the

5   pecuniary gain or loss of the offense, and count two carries

6   a maximum fine of $250,000 or twice the pecuniary gain or

7   loss of the offense?

8      **THE DEFENDANT:**  I do, your Honor.

9      **THE COURT:**  And do you understand that I must

10  impose mandatory restitution to compensate any victims for

11  losses caused as a result of the offense?

12     **THE DEFENDANT:**  I understand, your Honor.

13     **THE COURT:**  Do you understand if you plead guilty,

14  you'll be required to pay a special assessment of $200; that

15  is, $100 for each of the counts?

16     **THE DEFENDANT:**  I do, your Honor.

17     **THE COURT:**  So I'm not going to go through sort of

18  the background about the sentencing guidelines again, but

19  let me just ask you whether you've had an opportunity to

20  discuss with Ms. Peterson how the guidelines apply with

21  respect to the Massachusetts case?

22     **THE DEFENDANT:**  I have, your Honor.

23     **THE COURT:**  And do you feel as though you

24  understand that?

25     **THE DEFENDANT:**  I do, your Honor.

1      **THE COURT:**  And Ms. Peterson, do you feel as

2   though Mr. Dekermenjian understands how the guidelines apply

3   with respect to the Massachusetts case?

4      **MS. PETERSON:**  Yes, your Honor.

5      **THE COURT:**  All right.  So let me go through it

6   again.  I'm going to give you my best estimates, but those

7   are just estimates.  Again, we won't know what your proper

8   guidelines level is until we get to sentencing.  And the

9   guidelines are something that I have to consider, but are

10   just advisory and not binding on the Court.

11      The parties have agreed that the two counts in

12   your Massachusetts case should be grouped together for

13   purposes of determining your offense level under section

14   3D1.2 of the guidelines.  The parties further agree that the

15   base offense level for the Massachusetts case is 14 for

16   obstruction of justice.  The Government also agrees that

17   you're entitled to a two-level reduction if you accept

18   responsibility for your actions, adhere to the plea

19   agreement and display acceptable conduct between now and

20   sentencing.

21      So based on those representations I estimate, but

22   don't know for sure, that your applicable guidelines offense

23   for the Boston case would be 12.  Again, based on what we

24   know now, you would be in criminal history category one.

25   But if any other convictions came to light, that could put

1    you in a higher criminal history category.  But assuming

2    you're in criminal history category one, and assuming that

3    the total offense level is 12, that would mean that the

4    guidelines would recommend a sentence of between 10 and 16

5    months.

6              Do you understand that?

7              **THE DEFENDANT:**  I do, your Honor.

8              **THE COURT:**  And do you understand that the

9    guidelines would recommend a fine between $5,500 and

10   $55,000, but that under the plea agreement you have a right

11   to request that I not impose a fine, but that I'll make that

12   decision in the end?

13             **THE DEFENDANT:**  I do, your Honor.

14             **THE COURT:**  And do you understand that after I

15   decide what guidelines apply in your case, I can conclude

16   that a departure might be warranted which could make the

17   guidelines offense higher or lower?

18             **THE DEFENDANT:**  I do, your Honor.

19             **THE COURT:**  Do you understand that if I sentence

20   you to a term of imprisonment, you'll serve the full term

21   that I sentence you to with a possible reduction for good

22   time, but that there's not early release or parole?

23             **THE DEFENDANT:**  I understand, your Honor.

24             **THE COURT:**  Do you also understand that there is

25   some question that I don't know the answer to today as to

1   whether the sentences for the D.C. and Massachusetts cases

2   would run consecutively, would run concurrently, or whether

3   under the guidelines I might start from one offense and then

4   impose a greater sentence based on the other offense, but

5   just impose one sentence based on the combination under the

6   guidelines?  But I just don't know today which of those will

7   be the case because I haven't heard from probation, I

8   haven't heard from your lawyer, I haven't heard from the

9   Government's lawyer about that.

10          I just want to make sure you understand that there

11  may be some difference of agreement about this, and we don't

12  really know as we sit here today what the interaction

13  between the two cases will be for purposes of sentencing?

14          THE DEFENDANT:  I understand, your Honor.

15          THE COURT:  Okay.  Do you understand that the

16  Massachusetts plea agreement also calls for forfeiture?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  And do you understand under that

19  agreement, that means that you will have to forfeit all

20  assets which are proceeds of the crime or traceable to such

21  proceeds including, but not limited to, $20,293 to be

22  entered in the form of an order of forfeiture?

23          THE DEFENDANT:  I do, your Honor.

24          THE COURT:  And do you understand that you're

25  waiving your right to bring any challenge with respect to

1   forfeiture or to require any notice with respect to

2   forfeiture?

3          **THE DEFENDANT:**  I do, your Honor.

4          **THE COURT:**  And do you understand that you're

5   waiving any constitutional or statutory challenge that you

6   might have with respect to forfeiture?

7          **THE DEFENDANT:**  I do, your Honor.

8          **THE COURT:**  And do you understand that this

9   offense to which you would be pleading guilty is also a

10  felony offense, and if your plea is accepted and you're

11  found guilty of that offense, then such a finding may

12  deprive of you valuable civil rights such as the right to

13  vote, the right to hold public office, the right to serve on

14  a jury or the right to possess any kind of firearm or

15  ammunition?

16         **THE DEFENDANT:**  I do, your Honor.

17         **THE COURT:**  With respect to either case, has

18  anyone, including your attorney, the police, the prosecutor,

19  the FBI or any other person, promised or suggested to you

20  that merely because you're pleading guilty that you are

21  guaranteed a lighter sentence?

22         **THE DEFENDANT:**  No, there's no guarantees, your

23  Honor.

24         **THE COURT:**  With respect to either case, has

25  anyone forced, threatened or coerced you in any way to enter

1    into a plea agreement?

2            **THE DEFENDANT:**  No, your Honor.

3            **THE COURT:**  Do you understand that the agreements

4    reached in your cases were the result of negotiations

5    between your attorney and the attorneys for the Government?

6            **THE DEFENDANT:**  I do, your Honor.

7            **THE COURT:**  Has anyone made any promises to you in

8    connection with your guilty plea other than those contained

9    in the plea agreement or discussed with the Court?

10           **THE DEFENDANT:**  No, your Honor.

11           **THE COURT:**  Do you understand that at this time, I

12   don't know what sentence I'll impose in either case or the

13   two combined, because I haven't heard from the lawyers, the

14   probation office or from you?

15           **THE DEFENDANT:**  I understand, your Honor.

16           **THE COURT:**  Anything you don't understand about

17   these proceedings or about your pleas in either case?

18           **THE DEFENDANT:**  No, your Honor.

19           **THE COURT:**  Anything you want to ask me or

20   Ms. Peterson before you make a decision about how you'd like

21   to proceed?

22           **THE DEFENDANT:**  I don't think so, your Honor.  Not

23   at this time, no.

24           **THE COURT:**  Mr. Mann, anything further with

25   respect to either case you think I should ask about?  I

1   think you're on mute, Mr. Mann.  Still on mute.  He's

2   shaking his head no, okay.  Well, I'll accept that.

3              Ms. Peterson, anything?

4              **MS. PETERSON:**  No, your Honor.  Thank you.

5              **THE COURT:**  So let's take these one at a time

6   then.  Mr. Dekermenjian, what is your decision with respect

7   to the D.C. case, 19-cr-374?

8              **THE DEFENDANT:**  I plead guilty, your Honor.

9              **THE COURT:**  And are you entering this plea of

10  guilty voluntarily, of your own free will because are you

11  guilty and for no other reason?

12             **THE DEFENDANT:**  That is correct, your Honor.

13             **THE COURT:**  And what is your decision with respect

14  to the Massachusetts case, number 20-cr-174?

15             **THE DEFENDANT:**  I plead guilty, your Honor.

16             **THE COURT:**  And are you entering that plea of

17  guilty voluntarily, of your own free will because are you

18  guilty and for no other reason?

19             **THE DEFENDANT:**  That is correct, your Honor.

20             **THE COURT:**  It is the finding of the Court in the

21  cases of United States vs. Rudy Dekermenjian, number

22  19-cr-374 and number 20-cr-174, that the defendant is fully

23  competent and capable of entering an informed plea; the

24  defendant is aware of the nature of the charges and the

25  consequences of the plea; and that the plea of guilty is a

1    knowing and voluntarily plea supported by an independent

2    basis in fact containing each of the essential elements of

3    the offenses.  The charges are therefore accepted in case

4    number 19-374, the defendant is adjudged guilty of count 13

5    of the indictment, conspiracy to make conduit contributions,

6    cause false statements and cause false entries in records in

7    violation of 18 U.S.C. section 371.  And in case number

8    20-cr-174, the defendant is adjudged guilty of count one of

9    the information, conspiracy to commit wire fraud affecting a

10   financial institution and bank fraud in violation of 18

11   U.S.C. section 1349; and adjudged guilty of count two of the

12   information, alteration and falsification of records in

13   violation of 18 U.S.C. section 1519.

14          I guess this really would be the Government, but

15   is the Government seeking any changes in Mr. Dekermenjian's

16   custody status pending sentencing?  I'm sorry, you're still

17   on mute, I still can't hear you.  I see no.  Yeah, okay,

18   he's shaking his head no.  If there's anyone else from the

19   Government who's on the line who can speak and be heard,

20   you're welcome to jump in.

21          Ms. Peterson, anything further you want to add now

22   or anything you're proposing with respect to next steps?

23          **MS. PETERSON:**  No, your Honor.  I do believe this

24   is going to be a little bit complicated because of both the

25   Boston case and the D.C. case.  And in light of the

1    pandemic, we are not in a rush to go to sentencing.  So I

2    believe that the parties were going to ask the Court to set

3    a date by which we should file a status indicating whether

4    we're prepared to set a sentencing date or not.  There's no

5    reason in a case like this to rush the presentence report,

6    so perhaps a status report in 60 days.

7              **THE COURT:**  All right.  So today is September 9th.

8    How about November 6th, does that work for the parties for a

9    status report?

10             **MS. PETERSON:**  That should be fine, your Honor.

11             **THE COURT:**  Yeah, we'll see where we stand with

12   respect to when the courthouse is opening again for purposes

13   of proceedings like sentencings, but we'll just have to play

14   that by ear.  So I'll just expect to hear from the parties

15   then on November 6th, and you can let me know how you think

16   I ought to proceed at that point in time.

17             **MS. PETERSON:**  Thank you, your Honor.

18             **THE COURT:**  I think maybe one of the other lawyers

19   from the Government has something to add, I'm sorry?

20             **MR. ROMANO:**  Yes.  Can you hear me?  This is

21   Michael Romano for the Government.

22             **THE COURT:**  Mr. Romano, yes.

23             **MR. ROMANO:**  That date is fine with the Government

24   as well.

25             **THE COURT:**  I apologize, I should have asked that.

1   With the audio problems I didn't, but thank you for

2   clarifying that.

3            **MR. ROMANO:**  That's all right, your Honor.

4            **THE COURT:**  So anything else from anyone else

5   today, then?

6            **MS. PETERSON:**  No, your Honor.

7            **THE COURT:**  Mr. Romano?

8            **MR. ROMANO:**  No, your Honor.

9            **THE COURT:**  Okay.  Thank you, and I look forward

10  to getting your report.

11        (Proceedings adjourned at 11:58 a.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

**C E R T I F I C A T E**

2

3            I, **Jeff Hook, Official Court Reporter**,

4   certify that the foregoing is a true and correct transcript

5   of the remotely reported proceedings in the above-entitled

6   matter.

7            **PLEASE NOTE:**  This hearing occurred during

8   the COVID-19 pandemic and is therefore subject to the

9   technological limitations of court reporting remotely.

10

11

12

13   <u>July 8, 2021</u>                    _____

14        **DATE**                         **Jeff M. Hook**

15

16

17

18

19

20

21

22

23

24

25

**$**
$1,000,000 [1]   37/4
$100 [2]   29/23
37/15
$20,293 [3]   8/17
24/17 40/21
$200 [2]   8/15 37/14
$250,000 [2]   29/13
37/6
$5,500 [2]   33/18
39/9
$50,000 [2]   21/10
21/22
$55,000 [2]   33/19
39/10
$95,000 [1]   32/19

**0**
02210 [1]   1/18

**1**
10 [2]   8/7 39/4
11:03 [1]   1/7
11:58 a.m [1]   46/11
12 [7]   8/2 9/5
15/15 15/25 33/14
38/23 39/3
13 [7]   7/7 7/11 9/4
20/25 33/5 33/12
44/4
1349 [2]   36/10
44/11
13th [1]   21/10
14 [1]   38/15
1400 [1]   1/15
14th [1]   25/3
1519 [2]   36/12
44/13
16 [6]   7/8 8/7
15/13 15/14 18/15
39/4
174 [10]   2/3 4/6
6/20 15/8 23/11
26/9 26/20 43/14
43/22 44/8
18 [8]   9/5 28/21
33/14 36/10 36/11
44/7 44/10 44/13
19 [1]   47/8
19-374 [4]   2/2 7/10
20/22 44/4
19-cr-374 [8]   7/4
22/10 22/20 23/4
27/17 28/18 43/7
43/22
1:19-cr-374-RDM-4 [1]
1/4
1:20-cr-174-RDM-1 [1]
1/4

**2**
20 [2]   6/18 36/20
20-174 [2]   2/3 4/6
20-cr-174 [7]   15/8
23/11 26/9 26/20
43/14 43/22 44/8
20001 [1]   1/25
20004 [1]   1/21
20005 [1]   1/15

2016 [2]   20/25
21/10
2017 [2]   23/17 24/9
2018 [3]   21/1 21/21
23/17
2019 [1]   25/3
2020 [1]   1/6
23 [1]   15/14
24 [1]   8/13

**3**
30 [1]   36/16
30th [1]   21/21
333 [1]   1/24
3553 [1]   9/12
371 [2]   28/21 44/7
374 [12]   2/2 7/4
7/10 20/22 22/10
22/20 23/4 27/17
28/18 43/7 43/22
44/4
3D [3]   9/21 10/20
10/22
3D1 [1]   9/20
3D1.1 [1]   11/7
3D1.2 [1]   38/14

**4**
42 [1]   13/6
44 [1]   7/8
4700-C [1]   1/24
48 [1]   13/14

**5**
550 [1]   1/21

**6**
60 [1]   45/6
625 [1]   1/21
6th [2]   45/8 45/15

**9**
9200 [1]   1/18
9th [1]   45/7

**A**
a.m [2]   1/7 46/11
abetting [1]   7/10
ability [3]   13/16
13/23 14/2
able [4]   8/12 20/8
23/5 26/21
above [3]   18/19
30/17 47/5
above-entitled [1]
47/5
accept [6]   7/17
14/23 17/9 32/20
38/17 43/2
acceptable [2]
32/22 38/19
acceptance [1]
32/22
accepted [3]   34/24
41/10 44/3
across [1]   3/4
Act [1]   2/10
action [3]   1/3 2/2
19/10
actions [2]   32/21

38/18
actual [2]   21/19
22/6
actuality [1]   24/13
actually [3]   5/14
9/13 10/10
add [8]   3/9 9/24
10/19 10/21 35/6
35/13 44/21 45/19
addition [4]   29/2
29/11 36/22 37/2
additional [1]
32/24
Additionally [1]
21/21
address [1]   2/9
addressed [1]   9/16
adhere [2]   32/21
38/18
adjourned [1]   46/11
adjudged [3]   44/4
44/8 44/11
administer [1]   4/25
advisory [2]   34/7
38/10
affect [3]   13/15
14/5 34/6
affecting [5]   4/9
6/22 23/22 36/9
44/9
again [9]   8/5 21/25
23/12 33/8 37/18
38/6 38/7 38/23
45/12
against [7]   5/22
6/9 14/8 14/9 16/13
17/5 21/3
agree [13]   7/17 8/1
8/20 9/7 9/8 12/1
12/12 12/24 20/12
26/5 27/8 27/9
38/14
agreed [8]   8/8 9/2
20/19 23/14 32/15
32/17 32/24 38/11
agreeing [6]   7/1
18/14 28/17 34/11
34/12 36/7
agreement [34]   1/9
6/14 6/15 6/25 7/10
7/14 7/24 7/24 8/2
9/1 9/3 19/7 20/21
23/14 27/3 27/4
27/17 27/22 32/22
33/5 33/21 34/11
35/7 35/10 35/21
35/22 36/5 38/19
39/10 40/11 40/16
40/19 42/1 42/9
agreements [7]   8/20
12/25 13/3 18/12
20/19 27/15 42/3
agrees [4]   3/11 9/7
32/19 38/16
ahead [1]   6/11
Ahmad [1]   21/2
aiding [1]   7/9
alcohol [1]   13/15
allegation [1]   6/24
almost [2]   10/10

10/12
alteration [4]   4/10
6/23 36/11 44/12
altered [3]   24/25
25/4 25/7
although [1]   10/11
AMERICA [2]   1/3 2/3
ammunition [2]   35/3
41/15
amount [5]   8/15
8/17 8/17 32/18
34/17
analysis [1]   10/4
another's [1]   11/4
apologize [2]   8/24
45/25
appeal [11]   17/17
17/18 17/25 18/7
18/8 18/13 18/15
18/18 18/23 19/3
19/22
Appeals [1]   17/17
APPEARANCES [1]
1/12
appearing [3]   2/4
2/4 2/6
appellate [1]   35/9
applicable [4]
19/21 33/4 33/18
38/22
applications [4]
24/10 24/16 25/1
25/7
apply [7]   18/7
31/17 31/22 34/4
37/20 38/2 39/15
appropriate [5]
2/10 3/20 10/6 32/6
34/5
approximately [1]
24/17
April [1]   23/17
April 2018 [1]
23/17
arraign [1]   4/2
arraignment [2]   1/9
4/1
ARRAIGNMENT/PLEA [1]
1/9
arraignments [1]
2/17
assert [1]   18/24
assessment [3]   8/14
29/23 37/14
assets [1]   40/20
assigned [1]   9/25
assistance [4]
14/19 18/4 18/24
19/15
assuming [5]   9/5
33/11 33/12 39/1
39/2
attention [2]   4/23
20/15
attorney [3]   16/8
41/18 42/5
attorneys [1]   42/5
audio [1]   46/1
Avenue [3]   1/15
1/21 1/24

**A**

aware [3]   8/4 12/21 43/24

**B**

back [2]   20/11 29/9
backdated [1]   25/6
background [1]   37/18
backstopped [1]   24/7
bank [9]   4/9 6/22 23/22 23/25 24/11 25/24 26/1 36/9 44/10
Bankruptcy [1]   1/23
base [2]   32/16 38/15
based [10]   8/3 9/24 16/3 19/14 32/11 33/3 38/21 38/23 40/4 40/5
basis [1]   44/2
begin [1]   2/8
behalf [3]   4/13 16/22 24/12
Beirut [1]   13/11
believes [2]   2/21 3/14
below [2]   9/11 30/17
Berg [1]   2/7
best [2]   4/19 38/6
beyond [6]   5/18 16/25 17/11 20/9 23/6 26/21
big [1]   30/12
binding [2]   30/14 38/10
bit [4]   4/18 9/15 27/15 44/24
book [1]   30/12
born [2]   13/10 13/11
Boston [8]   1/18 4/1 4/3 6/18 6/20 17/4 38/23 44/25
both [15]   3/15 5/15 5/17 5/19 6/25 8/6 10/12 11/3 14/23 15/20 17/20 18/23 20/19 20/19 44/24
bottom [2]   26/12 27/6
break [1]   6/1
bring [7]   4/22 4/23 19/3 19/7 19/13 20/15 40/25
brought [3]   12/2 19/10 35/10
burden [3]   5/17 16/24 17/11
Bureau [1]   24/24
businesses [1]   25/6

**C**

calculate [1]   11/16
calculated [3]   8/10 8/11 10/23

calculation [5]   10/3 12/5 31/2 31/8 31/13
calculations [2]   7/25 11/5
calling [1]   6/18
calls [1]   40/16
came [2]   25/17 38/25
can [16]   2/11 6/15 11/9 12/3 18/1 23/10 27/20 27/23 27/24 29/9 30/23 32/10 39/15 44/19 45/15 45/20
capable [1]   43/23
carefully [4]   20/10 22/22 28/6 35/21
CARES [1]   2/10
carries [5]   28/24 36/15 36/19 37/4 37/5
case [57]
cases [21]   4/19 5/15 5/15 5/17 5/19 6/10 9/22 10/5 10/10 11/3 14/9 15/21 17/21 18/23 20/9 20/19 31/22 40/1 40/13 42/4 43/21
category [5]   33/8 33/12 38/24 39/1 39/2
cause [8]   2/13 2/21 3/23 15/16 28/19 28/20 44/6 44/6
caused [4]   21/17 22/3 29/18 37/11
causing [1]   21/6
certain [4]   15/1 18/13 39/7 34/25
certainly [1]   11/14
certify [1]   47/4
CFPB [1]   25/9
challenge [8]   17/21 18/3 19/8 19/10 19/13 19/14 40/25 41/5
challenges [1]   19/11
chance [5]   14/12 15/6 31/4 31/5 31/24
change [3]   27/11 27/13 33/10
changed [1]   25/5
changes [1]   44/15
charge [1]   29/23
charged [7]   4/7 6/20 7/7 15/9 15/10 15/17 23/6
charges [11]   4/3 5/22 6/9 6/13 6/16 7/1 14/9 14/13 14/16 43/24 44/3
charging [3]   10/17 10/18 23/20
check [2]   21/10 21/22

Chief [1]   2/13
choice [1]   14/2
Christopher [1]   2/7
circumstances [2]   3/20 19/4
circumventing [1]   21/5
citizen [1]   13/12
citizens [2]   15/14 15/25
civil [4]   24/23 25/9 35/1 41/12
claim [1]   19/15
clarification [2]   25/20 26/5
clarify [7]   22/16 25/14 25/18 26/25 27/5 35/6 35/13
clarifying [1]   46/2
Clerk [2]   4/2 4/24
co [6]   21/15 24/5 24/9 24/18 25/4 25/25
co-conspirator [1]   21/15
co-conspirators [5]   24/5 24/9 24/18 25/4 25/25
coast [1]   3/2
coerced [1]   41/25
collateral [3]   19/8 19/10 19/13
COLUMBIA [5]   1/1 1/20 16/1 17/22 21/1
combination [1]   40/5
combined [1]   42/13
comfortable [1]   25/19
comment [2]   31/4 31/5
commentary [1]   11/8
commission [4]   19/20 21/8 30/6 30/11
commit [6]   4/8 6/21 21/3 23/21 36/8 44/9
committed [1]   15/17
committee [4]   21/11 21/18 21/23 22/4
committees [2]   21/4 21/6
communicate [1]   24/19
company [1]   23/25
compel [1]   16/17
compensate [2]   29/18 37/10
competent [1]   43/23
completely [1]   10/22
complicated [1]   44/24
conclude [5]   2/11 3/19 3/23 34/4 39/15
concluding [1]   10/5
concurrent [1]   32/4

Chief
concurrently [3]   11/2 11/21 40/2
conditions [1]   29/8
conduct [5]   22/7 25/22 26/2 32/22 38/19
conducted [1]   2/15
conduit [4]   7/9 28/19 32/16 44/5
confirm [1]   12/5
confront [1]   16/12
Congress [1]   30/11
connection [3]   21/12 21/23 42/8
consecutive [1]   32/4
consecutively [1]   40/2
consent [1]   2/24
consented [1]   3/21
consents [2]   2/12 2/19
consequences [1]   43/25
consider [2]   30/18 38/9
consolidated [1]   11/12
conspiracy [9]   4/8 6/21 7/7 7/12 20/25 28/19 36/8 44/5 44/9
conspirator [1]   21/15
conspirators [5]   24/5 24/9 24/18 25/4 25/25
conspired [3]   21/2 23/19 23/23
Constitution [1]   1/24
constitutional [1]   41/5
consult [1]   28/4
consumer [2]   24/8 24/23
contained [3]   11/9 11/10 42/8
containing [1]   44/2
continuing [1]   3/13
contribution [10]   21/5 21/13 21/17 21/18 21/20 21/24 22/3 22/4 22/6 32/17
contributions [4]   7/9 21/4 28/19 44/5
conversation [1]   6/2
convicted [2]   17/12 17/16
conviction [7]   9/25 11/9 17/17 18/1 18/3 19/8 19/12
convictions [3]   33/6 33/9 38/25
copies [1]   14/7
copy [2]   4/6 27/18
cost [2]   18/7 30/2
counsel [7]   4/5

**C**

counsel... [6]   4/20
6/8 18/4 18/25
19/16 20/6
counseled [1]   24/6
count [26]   4/7 4/8
4/9 6/21 6/23 7/7
7/8 7/11 7/12 20/24
20/25 24/13 25/2
28/18 28/24 36/8
36/10 36/15 36/19
36/24 36/25 37/4
37/5 44/4 44/8
44/11
country [1]   3/4
counts [9]   7/8 7/9
7/18 10/15 10/16
11/9 11/9 37/15
38/11
court [37]   1/1 1/22
1/23 2/10 2/14 3/1
5/3 7/16 8/1 8/6
8/10 8/11 8/12 8/16
9/18 9/21 10/15
10/19 10/21 10/25
11/17 11/20 11/20
11/21 16/17 17/17
18/15 19/25 30/13
30/15 33/14 38/10
42/9 43/20 45/2
47/3 47/9
Court's [1]   11/1
courthouse [2]   1/18
45/12
courtroom [1]   16/4
Courts [1]   1/23
COVID [1]   47/8
COVID-19 [1]   47/8
cr [19]   1/4 1/4
6/18 6/20 7/4 15/8
22/10 22/20 23/4
23/11 26/9 26/20
27/17 28/18 43/7
43/14 43/22 43/22
44/8
CR-20 [1]   6/18
CR-20-174 [1]   6/20
create [1]   24/6
created [4]   24/10
24/25 25/8 30/11
crime [3]   15/17
32/18 40/20
criminal [14]   1/3
1/14 2/2 4/6 8/3
8/5 9/6 33/6 33/7
33/8 33/11 38/24
39/1 39/2
cross [1]   16/13
cross-examine [1]
16/13
cumbersome [1]   4/18
currently [1]   14/5
custody [1]   44/16
customer [2]   23/25
24/8

**D**

D.C [9]   2/14 6/15
7/2 18/17 32/16

35/6 40/1 43/7
44/25
date [6]   19/21 25/7
45/3 45/4 45/23
47/14
days [1]   45/6
DC [4]   1/5 1/15
1/21 1/25
decide [5]   28/3
30/15 30/16 31/8
39/15
decided [1]   34/4
deciding [1]   30/14
decision [12]   5/14
5/16 5/20 5/23 6/6
17/3 17/5 34/1
39/12 42/20 43/6
43/13
decisions [1]   5/14
defendant [19]   1/7
1/19 2/4 2/6 2/12
3/13 3/21 4/5 6/20
6/25 7/3 7/6 8/12
8/18 12/19 43/22
43/24 44/4 44/8
defendants [2]   3/13
10/13
Defender's [1]   1/20
defense [3]   7/25
12/9 16/18
DEKERMENJIAN [57]
Dekermenjian's [4]
21/13 21/25 24/5
44/15
delay [2]   2/12 3/23
delaying [1]   2/21
demand [2]   24/23
25/10
deny [1]   19/22
Department [2]   1/14
1/17
departure [4]   34/5
34/11 34/13 39/16
deprive [2]   34/25
41/12
Deputy [2]   4/2 4/24
derived [1]   8/18
described [7]   19/18
22/13 25/12 25/22
26/2 26/6 35/18
description [1]
12/24
determination [1]
33/10
determine [2]   9/22
16/2
determined [1]   8/15
determining [1]
38/13
difference [2]
31/25 40/11
differences [1]
4/22
different [5]   11/11
11/22 11/24 25/17
32/5
direction [2]   21/11
21/23
disagree [1]   20/14
disagreement [4]

12/10 12/20 12/21
31/12
discovered [1]
19/14
discretion [1]   11/1
discuss [5]   14/13
28/12 31/24 35/25
37/20
discussed [1]   42/9
discussing [1]
31/11
disguise [1]   24/7
display [2]   32/22
38/19
DISTRICT [10]   1/1
1/1 1/10 1/20 1/23
2/14 16/1 17/21
21/1 23/18
districts [1]   10/13
disturbance [1]
13/19
Division [1]   1/14
document [5]   23/20
26/16 27/6 27/12
28/6
documents [3]   25/5
25/5 25/8
done [5]   10/3 11/18
11/22 20/10 22/9
doubt [6]   5/18
16/25 17/12 20/9
23/7 26/22
drop [1]   7/17
drugs [1]   13/15
during [2]   5/24
47/7

**E**

e-mail [1]   24/19
ear [1]   45/14
earlier [1]   31/11
early [2]   34/19
39/22
earned [1]   24/16
easily [1]   27/23
easy [1]   27/24
effect [1]   11/4
efforts [1]   25/25
eight [2]   32/16
32/18
eight-level [1]
32/18
either [18]   4/21
5/17 5/19 11/18
15/5 15/25 17/3
17/9 19/8 19/9
19/11 20/1 34/7
41/17 41/24 42/12
42/17 42/25
Election [1]   21/8
elements [3]   23/6
26/21 44/2
else [5]   35/5 35/12
44/18 46/4 46/4
elsewhere [2]   21/1
23/18
emotional [1]   13/19
encourage [1]   4/20
end [4]   6/3 8/9
35/17 39/12

engaging [2]   21/15
22/2
enhancement [1]
32/18
enough [4]   12/17
14/21 28/15 36/2
enter [3]   4/14 5/19
41/25
entered [1]   40/22
entering [3]   43/9
43/16 43/23
entirely [1]   12/1
entitled [4]   32/20
32/24 38/17 47/5
entries [2]   28/20
44/6
essential [1]   44/2
estimate [4]   32/10
33/3 33/7 38/21
estimated [2]   9/9
33/18
estimates [2]   38/6
38/7
even [1]   3/3
event [2]   21/12
21/24
evidence [4]   16/3
16/22 16/23 19/15
examine [1]   16/13
example [1]   10/13
exceed [2]   21/16
22/3
except [3]   18/2
18/18 19/13
exceptions [1]
18/14
Executive [2]   23/20
23/20
exist [1]   11/24
expect [1]   45/14
expeditiously [1]
3/1
explain [1]   15/5
extent [3]   18/1
18/18 19/13

**F**

fact [4]   2/24 27/11
29/17 44/2
factors [1]   9/12
facts [1]   23/13
fair [3]   3/18 12/12
12/17
falls [1]   35/17
false [17]   5/10
21/7 21/19 22/5
24/10 24/11 24/20
24/25 25/4 25/5
25/6 25/6 25/8
28/19 28/20 44/6
44/6
falsification [4]
4/10 6/23 36/11
44/12
familiar [1]   30/5
fashion [1]   3/22
favorable [1]   3/3
FBI [1]   41/19
FEC [2]   21/19 22/5
federal [5]   1/20

## F

federal... [4]   21/8
24/24 30/1 30/13
fee [1]   18/9
feel [9]   5/25 14/15
20/13 28/8 28/14
31/20 36/4 37/23
38/1
felony [3]   2/14
34/23 41/10
Fifth [7]   23/24
24/1 24/3 24/11
25/16 25/24 26/1
file [3]   21/18 22/5
45/3
filing [1]   18/9
financial [7]   4/9
6/22 23/22 24/2
24/24 36/9 44/10
find [1]   15/16
finding [3]   34/25
41/11 43/20
finds [1]   8/12
fine [11]   8/11
29/13 30/1 33/18
33/22 37/4 37/6
39/9 39/11 45/10
45/23
fines [1]   18/16
firearm [2]   35/3
41/14
first [1]   36/14
five [2]   28/25
36/24
follow [1]   29/8
For the Defendant [1]
1/19
forced [1]   41/25
foregoing [1]   47/4
forfeit [1]   40/19
forfeiture [9]   6/24
7/1 8/16 18/16
40/16 40/22 41/1
41/2 41/6
form [1]   40/22
forma [1]   18/8
formal [2]   4/11
4/14
forth [5]   8/16 9/3
9/12 10/21 35/10
forward [2]   3/16
46/9
found [4]   2/14 2/16
34/24 41/11
four [1]   9/3
fraud [10]   4/8 4/9
6/22 6/22 23/22
23/22 36/9 36/9
44/9 44/10
fraudulently [2]
23/24 24/14
free [4]   5/25 20/13
43/10 43/17
front [4]   6/19
10/11 24/13 27/21
full [4]   30/12 32/5
34/17 39/20
fully [7]   10/25
11/1 14/13 14/15

14/18 36/4 43/22
funded [2]   21/13
21/25
further [4]   3/23
38/14 42/24 44/21
furtherance [1]
24/21
Furthermore [1]
24/22

## G

gain [3]   29/14 37/5
37/6
gets [1]   32/3
given [1]   3/5
giving [4]   15/12
17/25 19/7 20/2
global [1]   10/14
goal [1]   15/2
God [1]   5/4
good [2]   34/19
39/21
goods [1]   24/8
government [42]
1/13 2/5 3/8 3/11
3/14 3/15 5/17 6/9
7/17 7/23 7/25 8/4
8/8 8/13 9/1 9/7
10/14 11/19 12/8
12/14 20/7 20/8
20/23 21/9 23/5
23/16 23/16 26/20
30/2 31/5 32/19
32/23 33/1 34/12
38/16 42/5 44/14
44/15 44/19 45/19
45/21 45/23
Government's [4]
7/19 16/24 17/11
40/9
graduate [1]   13/7
15/13 15/15 24/24
greater [2]   30/23
40/4
grounds [1]   18/3
group [1]   9/23
grouped [3]   10/16
10/21 38/12
grouping [1]   10/20
groups [1]   9/22
guaranteed [1]
41/21
guarantees [1]
41/22
guess [2]   2/18
44/14
guideline [2]   9/11
11/5
guidelines [51]
guilt [4]   5/18 16/2
16/24 17/11
guilty [36]   4/15
5/19 6/25 7/11
13/16 13/24 15/21
15/25 17/9 17/25
20/1 20/24 28/18
28/24 29/22 33/1
34/23 34/24 36/8
36/15 36/19 37/13

41/9 41/11 41/20
42/8 43/8 43/10
43/11 43/15 43/17
43/18 43/25 44/4
44/8 44/11

## H

hand [1]   5/2
harm [3]   2/13 2/21
3/23
head [2]   43/2 44/18
health [1]   2/16
hear [4]   10/3 44/17
45/14 45/20
heard [5]   40/7 40/8
40/8 42/13 44/19
hearing [2]   1/9
47/7
help [3]   5/4 17/18
30/13
helped [2]   21/16
22/2
higher [3]   9/23
39/1 39/17
history [10]   8/3
8/5 9/6 33/6 33/7
33/8 33/11 38/24
39/1 39/2
hold [5]   3/15 6/19
17/5 35/2 41/13
Honor [146]
HONORABLE [1]   1/10
HOOK [3]   1/22 47/3
47/14
hosted [2]   21/12
21/24
hours [1]   13/14

## I

idea [1]   3/5
identified [1]
23/19
illness [1]   13/19
important [2]   5/13
5/20
impose [17]   18/13
18/19 29/13 29/17
29/17 30/1 30/14
30/15 30/16 30/23
33/22 37/3 37/10
39/11 40/4 40/5
42/12
imposed [1]   11/12
imposing [1]   30/18
imprisonment [9]
9/5 29/3 30/2 33/14
34/17 36/16 36/20
36/23 39/20
inappropriate [1]
3/4
incarceration [2]
29/12 37/3
included [1]   7/23
includes [1]   6/24
including [5]   21/2
23/19 24/18 40/21
41/18
incorporate [2]
20/21 23/15
incorporated [4]

20/20 23/14 27/3
32/3
independent [1]
44/1
Indiana [1]   1/21
indicated [2]   11/17
32/11
indicating [1]   45/3
indicted [1]   8/23
indictment [7]   7/3
7/18 11/10 14/8
15/9 15/10 44/5
indictments [1]
11/11
individuals [1]
23/19
ineffective [3]
18/3 18/24 19/15
information [12]
4/6 4/8 4/11 4/14
6/21 6/24 11/10
14/8 15/11 24/11
44/9 44/12
informations [1]
11/11
informed [4]   5/23
6/6 14/2 43/23
initially [1]   25/15
innocence [1]   16/3
innocent [1]   17/10
instead [1]   15/11
institution [6]   4/9
6/22 23/22 24/2
36/9 44/10
instruct [1]   17/4
instrument [1]
10/17
instruments [1]
10/18
intent [1]   33/1
interaction [1]
40/12
interests [5]   2/13
2/22 2/25 3/6 3/24
interfere [2]   13/22
14/1
internet [1]   24/20
interpretations [1]
32/6
interrupt [1]   8/22
into [5]   12/4 23/14
27/3 32/3 42/1
investigations [1]
24/22
investigative [2]
24/23 25/9
involuntariness [1]
18/4
involved [1]   32/18
issue [3]   12/10
25/7 25/22
issues [1]   35/9

## J

JAMES [2]   1/13 2/5
January [1]   21/21
January 30th [1]
21/21
JEFF [3]   1/22 47/3
47/14

**J**

jeopardizing [1]
  2/16
joined [1]   24/16
judge [3]   1/10 2/14
  17/3
judges [1]   30/13
jump [1]   44/20
June [4]   21/1 23/17
  24/9 25/3
June 14th [1]   25/3
June 2017 [2]   23/17
  24/9
June 2018 [1]   21/1
jurors [1]   16/2
jury [7]   15/11
  15/13 15/15 17/5
  24/24 35/2 41/14
justice [8]   1/14
  1/17 2/13 2/22 2/25
  3/7 3/24 38/16

**K**

Khawaja [7]   21/3
  21/12 21/14 21/16
  21/24 22/1 22/2
Khawaja's [2]   21/11
  21/23
kind [2]   35/3 41/14
knew [1]   22/6
knowing [4]   5/23
  6/6 24/22 44/1
KOSTO [2]   1/16 2/5

**L**

last [2]   3/6 13/14
later [2]   9/15
  19/21
law [7]   13/7 17/10
  18/2 21/6 21/17
  22/3 22/7
lawyer [7]   14/19
  16/12 17/18 31/4
  31/5 40/8 40/9
lawyers [3]   30/8
  42/13 45/18
learned [1]   24/15
least [2]   15/14
  15/15
leave [1]   18/7
Lebanon [1]   13/11
left [1]   8/6
less [2]   18/15 34/7
level [13]   8/2 9/4
  9/24 32/18 32/20
  32/24 33/4 33/12
  38/8 38/13 38/15
  38/17 39/3
levels [1]   10/21
light [4]   12/23
  33/9 38/25 44/25
lighter [1]   41/21
likewise [1]   2/17
limitation [1]
  30/23
limitations [1]
  47/9
limited [2]   19/3
  40/21

**M**

MA [1]   1/18
mail [1]   24/19
main [1]   12/18
making [5]   5/10 6/6
  7/9 21/4 32/16
mandatory [3]   8/14
  29/17 37/10
MANN [9]   1/13 2/5
  20/17 22/13 25/12
  25/19 26/5 42/24
  43/1
Mann's [1]   12/24
many [1]   32/5
March [1]   20/25
March 2016 [1]
  20/25
Massachusetts [20]
  6/11 6/13 6/14 7/21
  7/23 15/8 15/14
  16/1 17/4 18/14
  23/11 23/18 35/21
  37/21 38/3 38/12
  38/15 40/1 40/16
  43/14
material [1]   21/7
math [1]   12/16
matter [11]   2/21
  3/1 7/15 15/2 18/2
  22/20 26/9 26/20
  27/2 28/18 47/6
matters [1]   11/23
maximum [10]   18/19
  28/25 29/4 29/13
  30/24 36/16 36/20
  36/23 37/4 37/6
may [15]   3/1 4/4
  12/7 18/7 29/3
  29/12 29/16 30/1
  31/12 31/25 34/4
  36/23 37/3 40/11
  41/11
maybe [2]   22/10
  45/18
mean [7]   8/21 15/9
  15/13 15/25 33/13
  34/14 39/3
means [4]   15/12
  18/8 29/7 40/19

**N** (continued from column 3)

medications [1]
  14/4
medicine [1]   13/15
mental [2]   13/19
  14/5
merchant [9]   23/21
  23/21 23/25 24/4
  24/6 24/8 24/9
  24/15 26/1
merchant's [1]
  24/17
merchants [5]   24/6
  24/12 25/2 25/15
  25/23
merely [2]   27/2
  41/20
met [1]   25/3
MICHAEL [3]   1/13
  2/5 45/21
MICHELLE [2]   1/19
  2/6
might [9]   6/7 9/13
  12/10 12/12 12/15
  32/7 39/16 40/3
  41/6
moment [1]   9/14
money [4]   21/13
  21/14 21/25 22/1
months [6]   8/7 8/13
  9/5 18/15 33/14
  39/5
more [9]   3/2 4/18
  7/13 12/4 12/15
  15/14 24/3 32/19
  34/7
MOSS [1]   1/10
motion [2]   19/14
  19/23
Mr. [75]
Mr. Dekermenjian [53]
Mr. Dekermenjian's [4]
  21/13 21/25 24/5
  44/15
Mr. Khawaja [6]
  21/12 21/14 21/16
  21/24 22/1 22/2
Mr. Khawaja's [2]
  21/11 21/23
Mr. Mann [7]   20/17
  22/13 25/12 25/19
  26/5 42/24 43/1
Mr. Mann's [1]
  12/24
Mr. Romano [2]
  45/22 46/7
Ms. [20]   2/19 3/12
  6/2 8/19 12/23
  14/13 15/6 23/3
  26/14 26/19 28/12
  31/16 31/20 35/12
  35/25 37/20 38/1
  42/20 43/3 44/21
Ms. Peterson [20]
  2/19 3/12 6/2 8/19
  12/23 14/13 15/6
  23/3 26/14 26/19
  28/12 31/16 31/20
  35/12 35/25 37/20
  38/1 42/20 43/3
  44/21

**M** (continued right)

limits [3]   21/5
  21/17 22/3
line [1]   44/19
listen [1]   20/10
little [6]   4/18
  9/15 12/15 27/15
  31/11 44/24
lives [1]   3/1
long [1]   3/5
look [1]   46/9
looking [2]   11/6
  11/6
looks [1]   12/15
loss [3]   29/14 37/5
  37/7
losses [2]   29/18
  37/11
low [2]   8/9 24/8
lower [1]   39/17
lowers [1]   19/20

**N**

name [1]   25/24
names [3]   21/5
  25/16 25/17
narrow [1]   19/3
Natural [2]   24/12
  25/2
nature [1]   43/24
necessary [4]   23/6
  26/21 27/25 33/2
need [4]   5/15 12/21
  15/16 30/18
negotiations [1]
  42/4
new [2]   1/15 24/8
newly [1]   19/14
next [1]   44/22
Nine [2]   24/12 25/2
nonexistent [1]
  24/6
note [3]   11/7 11/8
  47/7
notes [1]   20/13
notice [2]   32/25
  41/1
November [2]   45/8
  45/15
November 6th [2]
  45/8 45/15
number [9]   6/19
  7/10 9/24 20/22
  43/14 43/21 43/22
  44/4 44/7
NW [3]   1/15 1/21
  1/24

**O**

oath [2]   4/25 5/8
obstruction [1]
  38/16
obtain [2]   23/24
  24/14
occurred [1]   47/7
October [1]   21/10
October 13th [1]
  21/10
offense [33]   8/2
  8/18 9/4 9/24 20/20
  22/20 23/6 26/9
  27/2 28/24 29/14
  29/19 32/16 33/4
  33/12 34/22 34/23
  34/25 36/15 36/19
  37/5 37/7 37/11
  38/13 38/15 38/22
  39/3 39/17 40/3
  40/4 41/9 41/10
  41/11
offenses [2]   21/3
  44/3

**M** (column 4 continued from header)

much [1]   4/22
multi [1]   3/13
multi-defendant [1]
  3/13
multiple [2]   10/16
  11/9
must [2]   29/17 37/9
mute [3]   43/1 43/1
  44/17

## O

offers [1]   14/22
office [7]   1/20 8/6
 31/3 31/7 35/2
 41/13 42/14
official [2]   1/23
 47/3
old [1]   13/5
once [1]   10/21
one [35]   1/18 4/8
 6/19 6/21 6/23 9/14
 10/2 10/15 11/4
 11/7 11/8 11/20
 14/23 23/20 23/21
 27/1 28/18 30/16
 30/22 31/6 31/7
 32/24 33/8 33/12
 36/8 36/10 36/24
 37/4 38/24 39/2
 40/3 40/5 43/5 44/8
 45/18
one-level [1]   32/24
Online [2]   24/12
 25/2
only [2]   2/11 12/2
opening [1]   45/12
operate [1]   30/7
opinions [1]   31/25
opportune [1]   9/13
opportunity [4]
 28/11 31/17 35/24
 37/19
order [1]   40/22
orders [1]   18/16
original [2]   6/9
 25/7
originally [1]   7/7
others [5]   3/16
 21/2 21/5 23/19
 23/24
ought [1]   45/16
out [4]   4/22 8/22
 11/19 11/24
outcome [1]   4/15
over [3]   27/16 30/8
 35/9
own [4]   16/16 16/22
 43/10 43/17
Owner [2]   23/21
 23/21

## P

P.I.S [1]   1/14
pandemic [4]   3/3
 3/3 45/1 47/8
paragraph [3]   7/24
 8/16 9/3
parole [2]   34/20
 39/22
part [2]   25/18 27/4
particular [2]   20/7
 23/25
particularly [1]
 12/19
parties [15]   3/22
 9/7 12/11 12/18
 20/19 23/13 31/6
 31/13 32/11 32/15
 38/11 38/14 45/2

45/8 45/14
pauperis [1]   18/8
pause [1]   22/10
pay [5]   8/13 18/7
 29/22 30/1 37/14
paying [1]   18/8
payment [5]   23/24
 24/4 24/10 24/14
 25/1
payments [1]   26/1
pecuniary [3]   29/13
 37/5 37/6
pending [7]   4/15
 7/2 8/23 14/8 24/22
 24/23 44/16
perhaps [1]   45/6
period [2]   8/13
 30/3
perjury [1]   5/9
person [2]   2/15
 41/19
PETERSON [22]   1/19
 2/7 2/19 3/12 6/2
 8/19 12/23 14/13
 15/6 23/3 26/14
 26/19 28/12 31/16
 31/20 35/12 35/25
 37/20 38/1 42/20
 43/3 44/21
phase [1]   4/17
place [2]   29/12
 37/3
placed [1]   33/8
Plaintiff [1]   1/4
play [1]   45/13
plea [51]
plead [11]   10/14
 15/21 15/25 19/25
 28/18 29/22 33/1
 36/8 37/13 43/8
 43/15
pleading [14]   6/25
 7/11 10/11 10/12
 13/16 13/23 17/24
 20/24 28/24 34/23
 36/15 36/19 41/9
 41/20
pleas [4]   2/15 9/18
 9/19 42/17
please [5]   4/23 5/1
 8/25 15/4 47/7
point [6]   5/24 8/3
 27/1 28/3 35/13
 45/16
pointed [1]   11/19
points [1]   33/7
police [1]   41/18
political [6]   21/4
 21/6 21/11 21/17
 21/22 22/4
possess [2]   35/3
 41/14
possibilities [1]
 11/24
possible [4]   12/10
 12/11 34/18 39/21
postdated [2]   25/22
 25/22
postdates [1]   26/2
potential [1]   12/21

prepare [1]   17/18
prepared [2]   31/3
 45/4
prescribed [1]   21/6
present [4]   12/7
 16/16 16/21 16/23
presented [3]   9/18
 10/2 16/3
presentence [1]
 45/5
presumed [1]   17/10
previous [1]   33/6
previously [4]
 24/14 25/23 35/9
 35/18
prison [2]   28/25
 29/9
private [1]   6/2
probable [1]   15/16
probably [1]   12/9
probation [10]   8/6
 10/3 10/4 11/16
 12/9 30/3 31/3 31/7
 40/7 42/14
problems [1]   46/1
proceed [16]   2/11
 2/12 2/24 2/25 3/7
 3/18 3/20 3/22 3/24
 4/16 6/7 15/13 23/4
 23/10 42/21 45/16
proceeding [13]   2/9
 2/20 3/2 3/5 3/9
 3/16 4/15 4/17 5/13
 6/4 11/13 15/11
 16/9
proceedings [5]
 5/24 42/17 45/13
 46/11 47/5
proceeds [2]   8/18
 40/20 40/21
processed [1]   26/1
processing [6]
 23/24 24/4 24/10
 24/14 24/17 25/1
promised [1]   41/19
promises [1]   42/7
proper [2]   3/17
 38/7
proposing [1]   44/22
propounded [1]   5/3
prosecuted [1]   5/9
prosecutor [1]
 41/18
Protection [1]
 24/24
prove [8]   16/24
 17/11 20/8 20/23
 23/5 23/16 23/17
 26/21
provided [3]   21/14
 22/1 32/25
provides [2]   6/14
 6/16
proving [1]   5/18
public [4]   1/20
 2/16 35/2 41/13
pull [1]   27/20
purportedly [1]
 24/12
purpose [1]   5/12

purposes [11]   10/5
 11/8 11/17 11/23
 12/7 12/17 22/20
 23/15 38/13 40/13
 45/12
pursuant [1]   9/11
pursue [1]   3/14
put [2]   5/16 38/25

## Q

qualifying [1]   24/2

## R

raise [4]   5/1 9/14
 9/15 9/16
RANDALL [2]   1/17
 2/6
RANDOLPH [1]   1/10
range [18]   8/7 8/10
 8/11 9/4 9/9 9/11
 18/20 19/21 30/16
 30/17 30/18 32/6
 32/12 33/18 34/5
 34/6 34/12 34/13
rather [1]   10/17
rational [1]   14/2
RDM [2]   1/4 1/4
reach [1]   10/14
reached [1]   42/4
read [1]   28/6
reading [2]   4/11
 4/14
really [4]   5/14
 9/20 40/12 44/14
reason [5]   12/2
 23/8 43/11 43/18
 45/5
reasonable [7]   5/18
 9/9 16/25 17/11
 20/9 23/7 26/22
reasons [1]   24/5
recall [1]   3/1
received [8]   4/5
 13/18 14/7 14/10
 18/24 19/15 21/18
 22/4
recommend [8]   8/1
 8/8 8/10 8/13 9/2
 9/8 39/4 39/9
recommendation [1]
 33/13
recommendations [2]
 9/16 30/13
record [2]   4/4 7/5
records [6]   4/10
 6/23 28/20 36/11
 44/6 44/12
reduction [6]   19/19
 32/20 32/25 34/18
 38/17 39/21
references [1]   25/5
referring [1]   15/7
reflect [1]   4/5
regard [1]   10/16
regarding [2]   21/19
 22/5
rejected [3]   24/7
 24/15 25/24
related [1]   24/5
relating [1]   18/16

**R**

relationship [1]
24/4
release [8]   8/14
18/17 29/4 30/3
34/20 36/24 36/25
39/22
released [1]   29/7
remaining [2]   7/18
7/18
remotely [2]   47/5
47/9
report [5]   31/3
45/5 45/6 45/9
46/10
reported [1]   47/5
Reporter [3]   1/22
1/23 47/3
reporting [1]   47/9
reports [3]   21/7
21/19 22/5
representations [3]
7/20 33/3 38/21
represented [1]
16/7
request [4]   9/11
17/4 33/22 39/11
require [3]   3/17
16/17 41/1
required [3]   16/23
29/22 37/14
research [1]   12/15
reserved [1]   9/10
reserving [2]   18/2
19/19
resolutions [1]
10/14
resources [1]   33/2
respect [27]   2/17
3/9 7/20 7/22 18/23
19/8 20/1 20/18
20/22 20/23 22/8
22/13 23/3 26/19
35/6 37/21 38/3
40/25 41/1 41/6
41/17 41/24 42/25
43/6 43/13 44/22
45/12
response [1]   25/9
responsibility [2]
32/21 38/18
restitution [4]
8/15 18/16 29/17
37/10
result [4]   9/4
29/18 37/11 42/4
results [1]   8/1
retaining [1]   18/23
review [6]   14/12
22/19 22/22 26/8
26/14 35/21
right [43]   3/8 5/2
7/13 8/19 9/10
14/25 15/10 15/12
15/18 15/21 16/7
16/12 16/16 16/17
16/21 17/16 17/25
18/1 18/2 18/12
18/18 18/23 19/7
19/13 19/19 19/22
23/10 25/11 33/22
35/1 35/1 35/2 35/3
35/5 38/5 39/10
40/25 41/12 41/13
41/13 41/14 45/7
46/3
rightly [1]   11/19
rights [6]   5/21 6/5
15/1 20/2 35/1
41/12
risk [2]   24/5 24/8
ROMANO [5]   1/13 2/5
45/21 45/22 46/7
Room [1]   1/24
RUDY [4]   1/6 2/3
4/6 43/21
rules [2]   10/20
29/7
run [5]   11/20 11/21
32/4 40/2 40/2
rush [2]   45/1 45/5

**S**

safety [1]   2/16
same [4]   8/22 10/17
11/10 11/12
satisfied [1]   14/18
saving [1]   33/1
scheme [5]   21/16
22/2 24/15 24/19
24/21
school [1]   13/8
score [1]   9/6
second [3]   6/19
27/2 36/18
section [10]   9/20
9/21 11/7 28/21
36/10 36/12 38/13
44/7 44/11 44/13
seek [3]   19/19
34/11 34/13
seeking [1]   44/15
selling [1]   24/8
send [1]   29/9
sentence [35]   8/8
9/8 9/9 9/11 9/22
10/6 11/2 18/15
18/18 18/19 19/9
19/12 19/20 28/25
29/3 29/3 29/12
30/15 30/19 30/23
32/6 34/16 34/18
36/16 36/20 36/23
36/23 37/3 39/4
39/19 39/21 40/4
40/5 41/21 42/12
sentenced [1]   19/11
sentences [4]   11/11
18/13 30/14 40/1
sentencing [27]
7/16 7/20 7/22 8/10
9/2 9/16 10/1 11/1
11/8 12/4 12/11
19/20 19/21 30/6
30/6 30/11 32/8
32/13 32/23 33/9
37/18 38/8 38/20
40/13 44/16 45/1
45/4
sentencings [1]
45/13
separate [9]   4/19
7/8 9/19 9/22 10/10
10/12 10/17 10/23
19/10
separately [4]   5/15
10/2 10/24 27/1
September [2]   1/6
45/7
September 9th [1]
45/7
serious [5]   2/13
2/21 3/23 5/20
13/21
seriously [1]   2/15
serve [4]   34/17
35/2 39/20 41/13
set [10]   7/1 8/16
8/22 9/2 9/12 21/17
22/3 24/20 45/2
45/4
SETH [2]   1/16 2/5
severe [2]   34/7
34/8
shaking [2]   43/2
44/18
sham [4]   24/6 24/7
24/12 25/1
shortly [1]   24/16
show [1]   21/9
sign [3]   22/19 25/4
27/1
signature [2]   26/11
27/5
signed [5]   25/15
25/15 25/23 27/3
27/4
signing [1]   22/23
sit [3]   15/15 16/2
40/12
six [1]   8/16
solely [1]   16/3
solemnly [1]   5/2
sometimes [1]   10/13
sorry [6]   7/6 8/21
15/9 22/8 44/16
45/19
sort [1]   37/17
source [2]   21/19
22/6
speak [1]   44/19
special [3]   8/14
29/22 37/14
specifically [3]
21/9 23/23 24/3
spend [1]   27/14
Staffing [2]   24/13
25/2
stage [1]   16/8
stand [1]   45/11
start [7]   2/18 4/1
4/24 6/8 6/11 27/16
40/3
state [5]   6/9 6/12
6/12 6/15 14/5
statement [6]   20/20
22/20 22/25 23/13
26/8 27/2
statements [4]   5/10
21/7 28/20 44/6
states [9]   1/1 1/3
1/10 2/3 3/12 19/20
21/3 33/5 43/21
status [4]   44/16
45/3 45/6 45/9
statutes [1]   24/3
statutory [6]   18/19
28/25 30/24 36/16
36/20 41/5
steps [1]   44/22
still [4]   25/25
43/1 44/16 44/17
streamline [1]   4/20
streamlined [1]
4/21
subject [1]   47/8
submit [1]   21/7
submits [1]   20/8
submitted [2]   24/11
25/9
subpoena [1]   24/25
sufficient [1]   30/1
suggest [1]   11/15
suggested [2]   32/7
41/19
Suite [2]   1/18 1/21
summarize [1]   20/22
summary [1]   23/15
supervised [6]   8/14
18/17 29/4 30/2
36/24 36/25
supported [1]   44/1
sure [10]   6/4 12/3
12/6 12/18 12/21
15/2 15/5 32/13
38/22 40/10
suspect [1]   19/9
swear [1]   5/2

**T**

talk [3]   14/21 15/6
31/17
technological [1]
47/9
telephone [1]   6/1
term [5]   30/2 34/17
36/24 39/20 39/20
terminated [3]   24/3
25/16 25/24
termination [1]
26/3
terms [6]   7/14 8/20
8/22 12/25 13/3
18/12
testify [4]   16/18
16/21 16/23 17/3
therapy [1]   13/20
therefore [4]   3/2
3/17 44/3 47/8
therein [1]   20/21
Third [7]   23/25
24/2 24/3 24/11
25/16 25/24 26/1
though [7]   14/15
28/8 28/14 31/20
36/4 37/23 38/2
thought [1]   6/18
threatened [1]
41/25

## T

**three [3]** 7/24 29/4 36/25
**timely [1]** 32/25
**today [12]** 2/9 2/20 3/25 6/4 31/1 31/12 32/10 39/25 40/6 40/12 45/7 46/5
**today's [3]** 4/17 5/13 5/24
**together [2]** 10/5 38/12
**total [3]** 8/1 9/4 39/3
**traceable [1]** 40/20
**transcript [2]** 1/9 47/4
**travel [1]** 3/4
**treat [2]** 9/21 10/5
**treated [1]** 10/22
**treatment [1]** 13/18
**trial [17]** 5/16 15/22 16/7 16/8 16/12 16/15 16/21 17/3 17/13 17/16 20/3 20/8 20/23 23/5 23/16 26/22 33/2
**true [9]** 22/14 24/13 25/2 25/13 25/16 25/24 26/17 27/12 47/4
**truly [1]** 5/3
**truthfully [1]** 5/9
**try [1]** 4/19
**turn [2]** 6/14 27/16
**turned [1]** 13/6
**turning [1]** 35/20
**twice [3]** 29/13 37/4 37/6
**two [22]** 4/7 4/10 4/19 5/14 5/15 7/8 9/22 10/10 10/12 10/17 11/2 14/9 23/20 23/21 32/20 36/25 37/5 38/11 38/17 40/13 42/13 44/11
**two-count [1]** 4/7
**two-level [2]** 32/20 38/17
**type [1]** 13/19

## U

**U.S [5]** 1/14 1/17 1/23 13/12 30/6
**U.S.C [6]** 28/21 36/10 36/12 44/7 44/11 44/13
**ultimately [2]** 31/6 33/25
**unable [1]** 18/7
**under [22]** 2/10 3/19 5/8 9/19 9/20 9/20 9/23 10/20 10/22 11/7 18/11 19/6 24/2 25/15 25/23 33/21 34/10 38/13 39/10 40/3

40/5 40/18
**understands [7]** 11/18 11/24 12/6 12/20 31/21 32/5 38/2
**unfair [1]** 3/15
**UNITED [7]** 1/1 1/3 1/10 2/3 19/20 21/3 43/21
**units [1]** 9/24
**unless [2]** 8/12 17/8
**unwittingly [3]** 21/7 21/18 22/5
**up [12]** 3/16 12/2 15/12 17/25 19/7 20/2 24/20 25/15 25/15 25/23 27/20 30/12
**upon [2]** 8/3 20/20
**used [2]** 24/19 24/20
**usual [1]** 4/18

## V

**validity [1]** 19/11
**valuable [2]** 35/1 41/12
**vary [1]** 11/21
**venue [1]** 17/21
**versions [1]** 25/1
**versus [1]** 2/3
**victims [1]** 37/10
**video [1]** 1/9 2/4 2/24 3/2
**videoconference [6]** 2/9 2/11 2/20 3/10 3/21 3/24
**violated [1]** 22/7
**violation [6]** 28/20 36/10 36/11 44/7 44/10 44/13
**voluntarily [3]** 43/10 43/17 44/1
**vote [2]** 35/1 41/13

## W

**waive [3]** 4/10 4/14 18/1
**waiving [7]** 15/18 18/12 18/17 19/12 19/22 40/25 41/5
**wants [1]** 3/9
**WARDEN [2]** 1/17 2/6
**warrant [1]** 33/6
**warranted [1]** 39/16
**Washington [4]** 1/5 1/15 1/21 1/25
**way [9]** 1/18 2/12 9/19 11/16 11/18 11/20 14/5 17/6 41/25
**weaving [1]** 17/21
**websites [3]** 24/7 24/20 25/6
**welcome [1]** 6/3 28/4 44/20
**west [1]** 3/2
**what's [4]** 12/19 12/20 15/3 27/24

**who's [2]** 31/7 44/19
**willfully [1]** 21/4
**wire [5]** 4/8 6/21 23/21 36/8 44/9
**wish [1]** 4/11
**within [5]** 8/11 9/8 11/1 30/16 35/17
**without [3]** 2/15 3/3 18/8
**witnesses [2]** 16/13 16/16
**work [2]** 9/20 45/8
**working [1]** 24/1
**works [1]** 31/13
**written [1]** 14/9
**wrote [2]** 21/10 21/22

## Y

**years [6]** 28/25 29/4 36/16 36/20 36/24 36/25
**York [1]** 1/15